Morris E. Spector, J.
Motion by defendant for summary judgment is granted. Plaintiff, patron of defendant’s tennis court, sues in negligence for personal injuries suffered by him. On the day in question, when he appeared at the tennis courts (for the first time), he and his partner were told to take whatever court was available; no specific court was assigned to them. Plaintiff does not allege any defect in the playing surface of the court but relies wholly and entirely on the fact that nine feet nine inches from the baseline at the side of the court was a wire fence, behind which was a stone wall extending for part of the height of the fence, which wall was allegedly overgrown with leaves and could not be seen by plaintiff. Plaintiff in his examination before trial testified that in going for a ball hit over the net by his opponent as they were playing a game, he “ started chasing the ball. It was hit pretty fast and hard and I chased the ball. The next thing I knew * * * I went smash into this wall and I was lying 'there.”
The theory upon which plaintiff relies is that the stone wall behind the wire fence constituted a latent defect. Plaintiff’s attorney in his affidavit submitted in opposition to this motion states the theory as follows: “ If the close proximity of the stone wall created a condition which was unsafe for the use of tennis playing, defendant ivas under an obligation to remedy the condition and make the use of the court safe and secure for the purposes intended ” and sets forth “ defendant could easily have erected its wire mesh fence so that there would be a sp'ace *565 gap between said fence and stone wall. This would have prevented the accident which occurred, inasmuch as there would have been some resiliency with respect to the wire mesh fence. ’ ’
The court cannot subscribe to this theory of liability. The tennis court in question was obviously fit for the use intended. Since the wall was built in 1929, approximately 30,000 players used the particular court in question without accident. Defendant owed plaintiff no duty to protect him from injury caused in the course of play by running into the wall nine feet or more from the end of the baseline and the risk involved, if any, was certainly not a foreseeable one. Plaintiff mistakes the cause of the injuries (the wall) with the cause of the accident (plaintiff’s running off the court into the wall). Even if it were to be found that defendant was negligent, certainly plaintiff was contributorily negligent in his manner of playing and in not observing the wall (Scala v. City of New York, 200 Misc. 475). The pictures submitted as exhibits by plaintiff were, to say the least, misleading as defendant’s pictures clearly indicate that even if heavy foliage obscured the wall, it would have been obvious that something lay behind that portion of the fence where the wall was. It is needless to say there are many cases holding that one is charged with the duty of seeing that which he ought to have seen, had he looked. Settle order.