■ MAX HOFFMAN, Respondent, v. ANNA SILBERT et al., Doing Business as HEIDEN HOTEL, Appellants, et al., Defendant.— In an action to recover damages for personal injury, the individual defendants appeal from a judgment of the Supreme Court, Kings County, entered November 18, 1964 after trial, upon a jury's verdict in the plaintiff's favor against them. As against the corporate defendant, the action was discontinued with prejudice. Judgment reversed on the law, with costs, and complaint dismissed on the law, without costs. The findings of fact implicit in the verdict are affirmed. Plaintiff, a 47-year-old male, was a guest at defendants' hotel. He arrived with his family on July 7, 1958 and on July 13 suffered a serious injury to his right arm. He had enrolled in a hotel sponsored ping-pong tournament; he won his first round match on Saturday. On Sunday morning he was called from the dining room to play a semifinal match. He claimed he was rushed into the ping-pong room and his opponent wished to start immediately. They volleyed the ball twice and commenced play which continued uneventfully for 10 minutes. Then plaintiff hit a soft shot over the net; he anticipated a hard return so he moved back a couple of steps; and, as he raised his right arm to hit the ball, his arm went through a glass window which was situated in the wall behind him. Plaintiff stated that the wall was "about six or seven feet" from the edge of the table on the side where he was playing and that the table was in the middle of the room. The essence of plaintiff's claim is that the position of the table was too close to the wall and that such closeness created a dangerous condition which was the proximate cause of the injury and which rendered defendants liable. In our opinion, plaintiff was contributorily negligent as a matter of law and assumed the risk involved in playing the ping-pong game. He had passed through the game room many times during the course of his week's stay at the hotel prior to the accident. He played ping-pong at least once before the tournament and then again on the day before the accident in the first round of the tournament. He never played from the side from which he was hurt;

but, having played from the other side, it is reasonable to infer that he observed or should have observed the space for maneuverability available to his opponents on those occasions. He admits that he was totally engrossed in the game and that he was hopping to and fro and from side to side. Under the circumstances, the judgment must be reversed as matter of law and the complaint dismissed (*Morrow* v. *Smith*, 22 Misc 2d 564, affd. 14 A D 2d 850; *Lobsenz* v. *Rubinstein*, 258 App. Div. 164, affd. 283 N. Y. 600; *Scala* v. *City of New York*, 200 Misc. 475). Ughetta, Acting P. J., Christ, Brennan, Hill and Rabin, JJ., concur.