MARY E. HEFELE, Appellant, *v.* CITY OF NEW YORK et al., Respondents.

First Department, March 15, 1966.

*William J. Drohan* for appellant.

*Jesse I. Levine* of counsel (*Seymour B. Quel* with him on the brief; *J. Lee Rankin, Corporation Counsel,* attorney), for City of New York, respondent.

*John Nielsen* of counsel (*Francis P. Cunnion,* attorney), for New York City Housing Authority, respondent.

McNally, J. In a jury action for personal injuries, plaintiff appeals from a judgment dismissing her complaint at the close of the proof.

Plaintiff is a social investigator employed by the Department of Welfare of the City of New York. Domingo Torres was one of her clients. Plaintiff complained to her superiors that she feared bodily harm in the event she was required to visit the Torres apartment because Torres was aggressive and habitually brandished a butcher knife. In fact, all interviews were conducted while he held the knife. Plaintiff was the only witness called in her behalf. Defendants rested without calling any witnesses.

Torres had been provided with and apparently misused funds for his apartment rent. Defendant New York City Housing Authority threatened eviction. Plaintiff's superiors instructed plaintiff to present Mrs. Torres with a check for the rent payable to and to be indorsed by her. To allay plaintiff's fear of bodily harm, one of her superiors directed plaintiff to write to Torres requesting him to appear at the Department of Welfare on the morning plaintiff was to attend the Torres apartment. This was a ruse to assure Torres' absence during plaintiff's visit. Plaintiff also arranged with a representative of the Housing Authority, one Moskowitz, to personally advise Torres to attend at the Department of Welfare office. Moskowitz reported to the plaintiff that Torres would be present at the office the following morning. On said morning plaintiff was assigned to an emergency case requiring her attendance at the Melrose Welfare Center. Thereafter plaintiff proceeded to the Torres apartment where she arrived at about 10:45 A.M. Torres was at the apartment. He had not attended the Department of

Welfare office. Plaintiff was not informed of Torres' failure to attend. Plaintiff while in the act of leaving the building was subjected to a vicious and brutal assault by Torres. (See *People v. Torres*, 23 A D 2d 826.)

Mrs. Murphy was the immediate superior of plaintiff. Under the terms of her employment plaintiff was obligated to follow her instructions. It could be found she was under the stress of an economic compulsion. Failure to obey instructions might result in disciplinary action and the termination of her employment.

Plaintiff should have been allowed to establish that her superiors had the opportunity to advise plaintiff of Torres' failure to attend the Department of Welfare office. Whether Mrs. Murphy or any superior in the Department of Welfare in the exercise of reasonable care could and should have notified plaintiff of the impending peril while she was present at the Melrose Welfare Center are questions of fact.

The stipulation suggested by the trial court and found in the record to the effect that defendants would concede and verify completely the statements made by plaintiff does not cover these issues.

With reference to the liability of defendant Housing Authority, a somewhat different question is presented. It appears its employee, one Moskowitz, not under the control of plaintiff, was under subpœna and unable to attend because of illness. It was stated that he would be available the following day. An application for an adjournment or the opportunity to present his testimony on the following day was denied. In the circumstances, we feel the denial was an improvident exercise of discretion and that plaintiff should have been afforded the opportunity to present evidence bearing on the liability, if any, of the defendant Housing Authority.

On this record, in the light of the known belligerent and aggressive propensities of Torres, questions of fact were present as to the foreseeability of injuries to the plaintiff by reason of her required attendance at the Torres apartment and the omission to advise and forewarn the plaintiff of Torres' failure to attend at the office on the morning of the occurrence. (*Verduce v. Board of Higher Educ. in City of N. Y.*, 9 A D 2d 214, 217, revd. on dissenting opn. 8 N Y 2d 928.)

We do not find it necessary to decide whether plaintiff has complied with section 3 of the Employers' Liability Law or whether she may predicate liability on the act. Section 8 of the Court of Claims Act waiving State immunity from suit extends to the civil divisions of the State; they are answerable

as individuals for the wrongs of their officials and employees. (*Bernardine* v. *City of New York,* 294 N. Y. 361, 365.)

We are of the opinion that the fellow-servant doctrine, underlying *Wiley* v. *Solvay Process Co.* (215 N. Y. 584) and *Collelli* v. *Turner* (215 N. Y. 675), cited by defendant City of New York, has no application where a social investigator is injured because of the alleged negligence of her superiors. (Cf. *Poniatowski* v. *City of New York,* 14 N Y 2d 76.) Moreover, it would appear plaintiff did not assume the risk of the acts of omission and commission here involved. (*Wiseman* v. *City of New York,* 10 N Y 2d 952; *Poniatowski* v. *City of New York, supra,* p. 81.)

The judgment should be reversed, on the law, on the facts and in the exercise of discretion, and a new trial granted, with costs to abide the event.

BOTEIN, P. J., STEVENS, STEUER and STALEY, JJ., concur.

Judgment unanimously reversed, on the law, on the facts and in the exercise of discretion, and a new trial ordered, with $50 costs to abide the event.