■ KANTAK HOMES, INC., Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 41775.) — Judgment unanimously affirmed, with costs. Memorandum: In affirming we have not overlooked the fact that the Trial Judge admitted into evidence upon the offer of the claimant an "Agreement of Adjustment" and a "Notification by Superintendent of Offer to Settle Claim". These had been submitted by the State to claimant pursuant to section 30 of the Highway Law, as amended. This was error. (*Brummer* v. *State of New York*, 25 A D 2d 245.) However, there is ample other evidence in the record to sustain the award, and it appears that the court did not necessarily rely upon such exhibits. (*Hopkins* v. *State of New York*, 276 App. Div. 945; *Niagara Mohawk Power Corp.* v. *Ritter*, 24 A D 2d 1034.) If it were otherwise a reversal would be required. (Appeal from judgment of Court of Claims in favor of claimant on a claim for permanent appropriation of realty.) Present — Williams, P. J., Goldman, Henry, Del Vecchio and Marsh, JJ.

■ WILLIAM CULVER, Appellant, v. THEODORE GLOO, Respondent, et al., Defendants.— Judgment unanimously reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event. Memorandum: Plaintiff was entitled to have a jury pass upon the issues of defendant's negligence, proximate cause and plaintiff's freedom from contributory negligence. A jury might well find that defendant, acting as his own general contractor in over-all control of the project, had been guilty of a violation of rule 23-3.9 adopted by the Board of Standards and Appeals (12 NYCRR 23.3 [i]) pursuant to section 241 of the Labor Law and that such violation was evidence of negligence. (*Conte* v. *Large Scale Development Corp.*, 10 N Y 2d 20.) It might also determine that the violation was a concurrent, proximate cause of plaintiff's injuries. (*Bergen* v. *East 84th St. Constr. Corp.*, 16 N Y 2d 644; *Joyce* v. *Rumsey Realty Corp.*, 17 N Y 2d 118.) Plaintiff's continuation on the job after being instructed to work over the unguarded excavation did not constitute assumption of risk or contributory negligence as a matter of law when his only alternative was to abandon the work. (*Kaplan* v. *48th Ave. Corp.*, 267 App. Div. 272, 274.) (Appeal from judgment of Herkimer Trial Term dismissing the complaint as to Theodore Gloo.) Present — Bastow, J. P., Henry, Del Vecchio and Marsh, JJ.

■ WILLIAM CULVER, Appellant, v. THEODORE GLOO et al., Defendants, and JOHN FESSIA, Respondent.— Judgment and order unanimously modified by striking the allowance of costs and disbursements, and as modified affirmed, without costs. (Appeal from judgment and order of Herkimer Trial Term dismissing the complaint on the merits as against defendant Fessia.) Present — Bastow, J. P., Henry, Del Vecchio and Marsh, JJ.