■ JANINE DIDEROU, an Infant, by ELEANOR DIDEROU, Her Mother and Natural Guardian, et al., Appellants, v. PINECREST DUNES, INC., Respondent. — In a negligence and breach of contract action against the operator of a summer camp to recover damages for personal injuries, etc., arising out of the fall from a horse of the infant plaintiff camper, plaintiffs appeal from an order of the Supreme Court, Queens County, dated July 22, 1969, which granted defendant's motion to vacate plaintiffs' demand for a bill of particulars of the affirmative defense of assumption of risk. Order modified, on the law and the facts, by striking out everything after the decretal provision that defendant's motion "is hereby granted" and by adding, immediately after said word "granted" the following: "to the extent of striking out items '5' and '6' of the demand and the motion is otherwise denied". As so modified, order affirmed, without costs. The bill of particulars shall be served within 20 days after entry of the order hereon. The defense in substance consists of the bare allegation that horseback riding involves unstated inherent dangers of which, upon enrolling, plaintiffs assumed the risk. Items 1 to 4 of the demand

pertain to the terms of the infant plaintiff's enrollment upon which the defense is predicated. Items 5 and 6 require defendant to set forth whether plaintiffs, or either of them, were given notice or warning by defendant of the relevant risks and, if so, the substance thereof. In our opinion, plaintiffs are entitled to particulars respecting items "1" to "4" inclusive. As respects voluntary participation in a sport, the doctrine of assumption of risk applies to any facet of the activity inherent in it and to any open and obvious condition of the place where it is carried on (*Hoffman* v. *Silbert*, 24 A D 2d 493, affd. 19 N Y 2d 661; *Luftig* v. *Steinhorn*, 21 A D 2d 760, affd. 16 N Y 2d 568; *Lobsenz* v. *Rubinstein*, 258 App. Div. 164, affd. 283 N. Y. 600) and imports a knowledge and awareness of the particular hazard that caused the injury (*McEvoy* v. *City of New York*, 266 App. Div. 445, affd. 292 N. Y. 654; *Stevens* v. *Central School Dist. No. 1*, 25 A D 2d 871). At bar, the defense is stated in broad and sweeping terms, without any bounds in terms of prospective development at the trial. In the circumstances, a bill as above indicated is required to define the issues, limit the proof and apprise plaintiffs of what they are required to meet (*Mass* v. *Manhattan Life Ins. Co.*, 23 A D 2d 585; *Havholm* v. *Whale Creek Iron Works*, 159 App. Div. 578; *Peterson* v. *Lehigh Val. R. Co.*, 190 N. Y. S. 883). We believe, however, that items "5" and "6" cover matters that had best be left to discovery upon examination before trial. Christ, P. J., Rabin, Hopkins and Brennan, JJ., concur. (Beldock, P. J., deceased.)