OPINION OF THE COURT
Sol Dunkin, J.
In this consolidated action to recover damages for personal injuries, third-party defendant D. Reiner, Inc. (hereinafter Reiner), moves for summary judgment against plaintiff Elliot Maddox (hereinafter Maddox) and third-party plaintiff the City of New York (hereinafter the City). The City, defendant and third-party plaintiff Metropolitan Baseball Club, Inc. (hereinafter the Mets), and defendant U.R.S. Madigan-Praeger, Inc. (hereinafter URS), cross-move for summary judgment against plaintiff although the City and URS oppose summary judgment for Reiner as against the City in the absence of summary judgment *359 against plaintiff. Without benefit of a notice of cross motion, defendant Thomas Crimmins Contracting Company (hereinafter Crimmins), joins in the application of Reiner for summary judgment against plaintiff Elliot Maddox but opposes summary judgment to Reiner as against the City only.
Plaintiff, a former professional baseball player, alleges that he was injured on June 13, 1975, when he fell while playing center field for the New York Yankees at Shea Stadium in the County of Queens where the team played its home games for the 1975 season while Yankee Stadium was being renovated. According to plaintiff’s testimony at a deposition, the accident occurred as he was chasing a fly ball and his left foot hit a wet spot, causing him to slip while his right foot became stuck in a mud puddle and would not move, causing his right knee to buckle. The actions against the various moving parties herein are premised on theories of negligence in the design, construction and maintenance of Shea Stadium, particularly of the drainage system in the outfield, which allegedly caused the accumulation of water leading to plaintiff’s fall. The main contention of each of the movants herein is that plaintiff assumed the risk of his injury as a matter of law by continuing to play on what he knew to be a wet field. Plaintiff’s testimony at an examination before trial demonstrates that he was aware of the wet condition of the outfield. URS also argues that by his actions plaintiff was contributorily negligent as a matter of law since he continued to play on a surface where the allegedly defective condition was open and notorious. It is not disputed that a finding of either assumption of the risk or contributory negligence would completely bar plaintiff’s recovery inasmuch as his cause of action accrued prior to September 1, 1975. (Cf. CPLR 1411, 1413.)
In support of their contention that plaintiff’s recovery is barred by his assumption of the risk, movants rely heavily on the holding of the court in Scaduto v State of New York (86 AD2d 682, affd 56 NY2d 762). The claimant therein was injured when he fell as his foot stepped into the indentation of a drainage ditch located 15 to 20 feet from the third base line while playing intramural softball on a *360 field located on a campus which is part of the State university system. The court in Scaduto held that the State was not liable in damages for claimant’s injury inasmuch as it had not breached its duty of care to claimant which required only that it act reasonably in providing a field of play for him, not that it provide a terrain which was perfectly level. The court stated that intramural sporting activities involve inherent dangers to participants and that claimant, in electing to play, had assumed those dangers which included the possibility of falling while in pursuit of the ball. This statement by the court follows a line of New York cases cited by movants which have held that participants in athletic events had assumed the risks of injury normally associated with the sport. (See, e.g., Murphy v Steeplechase Amusement Co., 250 NY 479; Dillard v Little League Baseball, 55 AD2d 477; Diderou v Pinecrest Dunes, 34 AD2d 672; Hoffman v Silbert, 24 AD2d 493; Luftig v Steinhorn, 21 AD2d 760; McGee v Board of Educ., 16 AD2d 99.)
However, movants’ reliance on the above-cited cases is misplaced. A major distinction exists between the facts of said cases and the facts of the case at bar. Each of the cited cases involved amateur participants in recreational sporting events. In fact, in several of the decisions relied upon by movants, the courts, in formulating the assumption of the risk rule for athletic events, have specifically referred to “voluntary participation” in a sport. (See Dillard v Little League Baseball, supra; Diderou v Pinecrest Dunes, supra; McGee v Board of Educ., supra.) The plaintiff in the instant case, on the other hand, was injured while performing his job as a professional baseball player.
It is well established that “[o]ne placed in the dilemma of abandoning the reasonable course of his work or assuming a risk will not be charged with contributory negligence as a matter of law if he adopts the latter alternative.” (Kaplan v 48th Ave. Corp., 267 App Div 272, 274.) Similarly, it is settled that continuation on a job after being directed by a superior to proceed under circumstances recognized as dangerous does not constitute assumption of the risk or contributory negligence as a matter of law. (Broderick v Cauldwell-Wingate Co., 301 NY 182; Culver v Gloo, 27 *361 AD2d 698; Adler v Shell Transp. Corp., 26 AD2d 625; Hefele v City of New York, 25 AD2d 142.) Since plaintiff herein was carrying out his assigned duties at the time he was injured, it may be inferred that he was acting within the confines of a superior’s instructions. (Porter v Avlis Contr. Corp., 57 AD2d 222.) Thus, assuming that plaintiff knew and fully appreciated that a dangerous condition existed and that he nevertheless continued working pursuant to the express or implied directions of his superior, it is a question of fact whether it was reasonable under all of the circumstances for him to have continued. (Porter v Avlis Contr. Corp., supra; see Kaplan v 48th Ave. Corp., supra.) These circumstances include the facts testified to by plaintiff at his examination before trial and stated in his affidavit in opposition to the applications for summary judgment that he had informed the manager of the New York Yankees of the field condition on several occasions and that he had informed a member of the ground crew of the poor playing conditions on the day of his accident.
The applications for summary judgment against plaintiff are thus denied. The application of Reiner for summary judgment against the City is also denied. Issues of fact have been raised concerning Reiner’s responsibility to maintain the drainage system of the playing field at Shea Stadium.
Accordingly, the motion of Reiner, the cross motions of the City, the Mets and URS and the application of Crimmins for summary judgment are denied.