■ ARTHUR R. CRONSON et al., Respondents, v TOWN OF NORTH HEMPSTEAD, Appellant. [665 NYS2d 98] —In a negligence action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Nassau County (McCarty, J.), dated December 12, 1996, which denied its motion for summary judgment.

Ordered that the order is affirmed, with costs.

The plaintiff Arthur R. Cronson fell after stumbling on a crack in a tennis court. He described the crack as being, to the best of his recollection, between one inch or one and one-half inches long, one-quarter to one-third of an inch wide, and about one-third of an inch deep. He did not see the crack prior to the accident.

In seeking summary judgment pursuant to the doctrine of assumption of the risk, the defendant argued that the plaintiff "knew or should have known of the obvious and readily observable condition of the playing surface". However, in what may be regarded as somewhat of a contradiction, the defendant also submitted evidence tending to establish that the tennis court in the area of the plaintiff's accident was "flawless"—devoid of any cracks, indentations, or imperfections whatsoever.

The Supreme Court denied summary judgment, noting that "[t]he plaintiffs' deposition testimony alleges the existence of the rare defect not readily apparent but yet capable of precipitating serious injury". On appeal, the defendant continues to press its argument based on assumption of the risk, contending that the defect which caused the plaintiff Arthur R. Cronson to fall must have been apparent. Because we do not agree with the defendant's only argument, we affirm.

The doctrine of assumption of the risk "applies to any facet of the activity inherent in it and to any *open and obvious* condition of the place where it is carried on" (*Diderou v Pinecrest Dunes,* 34 AD2d 672, 673 [emphasis supplied]; *Maddox v City of New York,* 66 NY2d 270, 277). Under the circumstances of this case, and considering that the claimed dangerous condition of the tennis court was allegedly unseen by the plaintiff, as well as by a representative of the defendant, we find that there is an issue of fact as to whether the doctrine of assumption of the risk applies (*see also, Siegel v City of New York,* 90 NY2d 471; *Henig v Hofstra Univ.,* 160 AD2d 761). Bracken, J. P., Pizzuto, Altman and Krausman, JJ., concur.