■ Alfred Steward et al., Respondents, v Town of Clarkstown, Appellant. [638 NYS2d 125] —In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Rockland County (Bergerman, J.), dated August 24, 1994, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

On the afternoon of July 8, 1992, the plaintiff Alfred Steward was allegedly injured while playing basketball on an outdoor basketball court owned by the defendant Town of Clarkstown. According to the injured plaintiff, the basketball court was surrounded by an area of dirt, and the accident occurred when, after making a jump shot, his foot landed partially on the paved court and partially on the dirt area.

On appeal the defendant contends that the Supreme Court

erred in denying its motion for summary judgment because the injured plaintiff assumed the foreseeable risks of playing basketball on the outdoor court. We agree. "As a general rule, participants [in sports] properly may be held to have consented, by their participation, to those injury-causing events which are known, apparent or reasonably forseeable consequences of the participation" *(Turcotte v Fell,* 68 NY2d 432, 439; *Owen v R.J.S. Safety Equip.,* 169 AD2d 150, *affd* 79 NY2d 967). The record reveals that the injured plaintiff had played basketball on the subject court several times prior to the date of his injury, that he was aware of the fact that the basketball court was surrounded by an area of dirt, and that there was a height differential between the paved court and the dirt ground. Under these circumstances, the injured plaintiff assumed the obvious risks inherent in making a jump shot near the edge of the paved court and is precluded from recovery *(see, Benitez v New York City Bd. of Educ.,* 73 NY2d 650, 657; *Gonzalez v City of New York,* 203 AD2d 421). Sullivan, J. P., Santucci, Friedmann and Krausman, JJ., concur.