■ PETER CAPELLO, Respondent, v VILLAGE OF SUFFERN, Appellant. [648 NYS2d 699] —In a negligence action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Rockland County (Miller, J.), dated August 28, 1995, which denied its motion, in effect, for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

"As a general rule, [sports] participants properly may be held to have consented, by their participation, to those injury-causing events which are known, apparent, or are reasonably foreseeable consequences of the participation" *(Turcotte v Fell,* 68 NY2d 432, 439; *Egeth v County of Westchester,* 206 AD2d 502). In the instant matter, the plaintiff claimed to have sustained injuries after he slipped and fell on the defendant's basketball court, allegedly as a result of the accumulation of a powdery or dusty substance on the floor of the court. The plaintiff had played on the court on as many as 15 occasions over a two-year period and he had previously encountered the substance on the court which he knew to be slippery. Under these circumstances, we find that the plaintiff assumed the

obvious risk of injury inherent in playing basketball on a court he knew to be slippery and is therefore precluded from recovery *(see, Marescot v St. Augustine's R. C. School,* 226 AD2d 507; *Steward v Town of Clarkstown,* 224 AD2d 405; *Brown v City of Peekskill,* 212 AD2d 658). Miller, J. P., Ritter, Krausman and Florio, JJ., concur.