■ JOSEPH REYNOLDS et al., Appellants, v JEFFERSON VALLEY RACQUET CLUB, INC., Respondent. [657 NYS2d 907] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Westchester County (Shapiro, J.), dated February 27, 1996, which, upon granting the defendant's motion for summary judgment dismissing the complaint, dismissed the complaint.

Ordered that the order and judgment is affirmed, with costs.

The Supreme Court properly granted the defendant's motion for summary judgment based upon the assumption of risk doc-

trine. It is well settled that individuals who voluntarily participate in sporting activities "may be held to have consented, by their participation, to those injury-causing events which are known, apparent, or reasonably foreseeable consequences of the participation" *(Turcotte v Fell,* 68 NY2d 432, 439; *Steward v Town of Clarkstown,* 224 AD2d 405). The risks assumed by a voluntary participant include those associated with the playing field, and any open and obvious conditions on it *(see, Maddox v City of New York,* 66 NY2d 270, 277; *Touti v City of New York,* 233 AD2d 496; *Siegel v City of New York,* 230 AD2d 782).

The injured plaintiff was an experienced amateur basketball league player, who had played on the defendant's basketball court at least 20 times prior to his accident. Furthermore, while the plaintiffs allege that the defective construction and design of the basketball court unreasonably increased the risks to which the injured plaintiff was exposed, the defects complained of were open and obvious. Under these circumstances, the Supreme Court properly found that the injured plaintiff assumed the risks inherent in participating in a league game on the defendant's basketball court *(see, Touti v City of New York, supra; Siegel v City of New York, supra; Osorio v Deer Run Assocs.,* 231 AD2d 504). O'Brien, J. P., Altman, Friedmann and Krausman, JJ., concur.