■ Ron Levinson, Respondent, v Incorporated Village of Bayville et al., Appellants, et al., Defendant. [673 NYS2d 469] —In an action to recover damages for personal injuries, the defendants Incorporated Village of Bayville and Locust Valley School District appeal from an order of the Supreme Court, Nassau County (DiNoto, J.), dated May 9, 1997, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the appellants' motion for summary judgment is granted, the complaint is dismissed insofar as asserted against them, and the action against the remaining defendant is severed.

"As a general rule [sports] participants properly may be held to have consented, by their participation, to those injury-causing events which are known, apparent, or reasonably foreseeable consequences of the participation" (*Turcotte v Fell,* 68 NY2d 432, 439; *see, Pascucci v Town of Oyster Bay,* 186 AD2d 725). "The risks assumed by a voluntary participant include those associated with the playing field, and any open and obvious conditions on it" (*Reynolds v Jefferson Val. Racquet Club,* 238 AD2d 493, 494; *see, Walner v City of New York,* 243 AD2d 629; *Touti v City of New York,* 233 AD2d 496).

The plaintiff allegedly suffered injuries when he slipped and fell in a wet area of the appellants' basketball court. The plaintiff concededly knew the wet area was there and knew it to be slippery. "Under these circumstances, we find that the plaintiff assumed the obvious risk of injury inherent in playing basketball on a court he knew to be slippery and is therefore precluded from recovery" (*Capello v Village of Suffern*, 232 AD2d 599, 600; *see, Steward v Town of Clarkstown*, 224 AD2d 405). O'Brien, J. P., Ritter, Thompson, Friedmann and Goldstein, JJ., concur.