■ LESTER SYKES, JR., et al., Respondents, v COUNTY OF ERIE, Appellant. [695 NYS2d 454] —Order reversed on the law without

costs, motion granted and complaint dismissed. Memorandum: Plaintiffs commenced this action seeking to recover damages for a knee injury sustained by Lester Sykes, Jr. (plaintiff) while playing basketball on an outdoor court owned by defendant. Plaintiff was injured when he stepped into a recessed drain near the free throw line.

Supreme Court erred in denying defendant's motion for summary judgment dismissing the complaint. Plaintiff assumed those risks inherent in playing on the outdoor basketball court, including those risks associated with the construction of the court and its open and obvious condition (*see, Sheridan v City of New York*, 261 AD2d 528; *Retian v City of New York*, 259 AD2d 684; *Paone v County of Suffolk*, 251 AD2d 563; *Walner v City of New York*, 243 AD2d 629; *Reynolds v Jefferson Val. Racquet Club*, 238 AD2d 493; *McKey v City of New York*, 234 AD2d 114, 115; *Steward v Town of Clarkstown*, 224 AD2d 405, 406, *lv denied* 88 NY2d 815; *cf., Worrell v New York City Hous. Auth.*, 255 AD2d 438; *Cronson v Town of N. Hempstead*, 245 AD2d 331). Here, the parties' submissions establish that the recessed drain on the court was "clearly visible" (*Paone v County of Suffolk, supra*, at 564; *see, Brown v City of New York*, 251 AD2d 361), and thus plaintiff assumed the risk of injury from stepping into it (*see, Paone v County of Suffolk, supra*, at 564; *Brown v City of New York, supra*; *McKey v City of New York, supra*, at 115; *Steward v Town of Clarkstown, supra*, at 406; *see also, Touti v City of New York*, 233 AD2d 496).

All concur except Pine and Callahan, JJ., who dissent and vote to affirm in the following Memorandum.

Pine and Callahan, JJ. (dissenting). We respectfully dissent. "[F]or purposes of determining the extent of [defendant's] threshold duty of care, knowledge plays a role but inherency is the sine qua non [citations omitted]" (*Morgan v State of New York*, 90 NY2d 471, 484). Even assuming, arguendo, that defendant met its initial burden of establishing that plaintiff Lester Sykes, Jr., was aware of the risk of playing basketball near the drain, appreciated the nature of the risk, and voluntarily assumed the risk (*see, Morgan v State of New York, supra*, at 484), we conclude that plaintiffs raised a triable issue of fact whether "the conditions caused by the defendant['s] negligence are 'unique and created a dangerous condition over and above the usual dangers that are inherent in the sport'" of basketball (*Morgan v State of New York, supra*, at 485, quoting *Owen v R.J.S. Safety Equip.*, 79 NY2d 967, 970; *see generally, Alvarez v Prospect Hosp.*, 68 NY2d 320, 324). Plaintiffs' expert averred that he had observed hundreds of basketball courts and had

never seen a drain similarly placed, and that "the installation and maintenance of such a drain on the basketball court represents a defective and unsafe condition". Plaintiffs' expert further averred that the design, installation and/or maintenance of the drain on the foul line is contrary to architectural and engineering design practices and standards. Thus, we would affirm the order denying defendant's motion for summary judgment dismissing the complaint and allow the case to go to trial. (Appeal from Order of Supreme Court, Erie County, Rath, Jr., J.—Summary Judgment.) Present—Denman, P. J., Pine, Wisner, Hurlbutt and Callahan, JJ.