■ KIRK PETERS, an Infant, by His Mother and Natural Guardian, SADIE MYLES, et al., Appellants, v CITY OF NEW YORK et al., Respondents. [703 NYS2d 923] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (LeVine, J.), entered March 18, 1999, which, *inter alia*, granted the defendants' cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

"[B]y engaging in a sport or recreational activity, a participant consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation" (*Morgan v State of New York*, 90 NY2d 471, 484). This encompasses risks associated with the construction of the playing field, and any open and obvious conditions on it (*see, Maddox v City of New York*, 66 NY2d 270,

277; *Sheridan v City of New York,* 261 AD2d 528; *Retian v City of New York,* 259 AD2d 684; *Torre v City of Glen Cove,* 259 AD2d 540; *Riquelme v City of New York,* 251 AD2d 393; *Hansman v Village of Lynbrook,* 251 AD2d 373; *Garafola v City of New York,* 247 AD2d 581). The record demonstrates that the 16-year-old infant plaintiff, a minor youth football player in the Pop Warner League, voluntarily chose to play on an astroturf surface the condition of which was open and obvious, and thus assumed the risk of injury from tripping over a seam in the turf (*see, Maddox v City of New York, supra; Sheridan v City of New York, supra; Torre v City of Glen Cove, supra; Riquelme v City of New York, supra; Hansman v Village of Lynbrook, supra*). O'Brien, J. P., Altman, Friedmann, McGinity and Smith, JJ., concur.