■ Kendall Gibbs, an Infant, by His Parent and Natural Guardian, Boston Gibbs, et al., Appellants, v New York City Housing Authority et al., Respondents. [707 NYS2d 222] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Kings County (Rappaport, J.), dated May 24, 1999, which granted the respective motions of the defendants New York City Housing Authority and Roman Roads Construction Corp. for summary judgment dismissing the complaint insofar as asserted against them, and dismissed the complaint.

Ordered that the order and judgment is affirmed, with one bill of costs.

The Supreme Court properly concluded that the injured plaintiff assumed the risks inherent in playing on an outdoor basketball court during a "Midget League" tournament, when he slipped and fell on sand which had blown onto the court. The injured plaintiff was an experienced basketball player who had played on his school team and in prior league tournaments, and had played on the very same basketball court several hours before the incident. He was fully aware of the recurring sand problem, which was dealt with by sweeping the court clean at regular intervals.

Since the injured plaintiff voluntarily assumed the foreseeable risk that he might slip on the basketball court while participating in the game, the doctrine of assumption of the risk warrants the granting of summary judgment to the defendants (see, *Morgan v State of New York*, 90 NY2d 471;

*Collins v City of New York,* 251 AD2d 443; *Steward v Town of Clarkstown,* 224 AD2d 405). Mangano, P. J., Santucci, Krausman, Florio and Schmidt, JJ., concur.