▮▮ MARSHALL LAMPHIER, SR., as Parent and Natural Guardian of MARSHALL LAMPHIER, JR., Respondent, v ROME CITY SCHOOL DISTRICT, Appellant. [726 NYS2d 884] —Order unanimously reversed on the law without costs, motion granted and complaint dismissed. Memorandum: Supreme Court erred in denying defendant's motion for summary judgment dismissing the complaint. Plaintiff commenced this action seeking damages for injuries sustained by his 12-year-old son during an intramural floor hockey game. Defendant met its initial burden of establishing that the injuries were the result of conduct inherent in the sport in which plaintiff's son voluntarily participated (*see generally, Turcotte v Fell*, 68 NY2d 432, 438-439). Plaintiff failed to raise an issue of fact whether defendant failed to "exercise ordinary reasonable care to protect student athletes voluntarily involved in extracurricular sports from unassumed, concealed or unreasonably increased risks" (*Benitez v New York City Bd. of Educ.*, 73 NY2d 650, 658). In addition, plaintiff failed to submit evidence, in the form of an expert's affidavit or otherwise, to support his contention that the failure to offer protective eyewear "unreasonably increased" the risk to his son (*cf., Stackwick v Young Men's Christian Assn.*, 242 AD2d 878; *Alexander v Kendall Cent. School Dist.*,

221 AD2d 898). Finally, contrary to plaintiff's further contention, the age of plaintiff's son does not create an issue of fact regarding his appreciation of the risks inherent in the sport of floor hockey, which he had played for several years prior to this incident (*see, Braun v Davos Resort*, 241 AD2d 533, 533-534; *see also, Palozzi v Priest*, 280 AD2d 986). (Appeal from Order of Supreme Court, Oneida County, Shaheen, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Pine, Hurlbutt, Scudder and Burns, JJ.