■ MICHAEL MORLOCK et al., Respondents, v TOWN OF NORTH HEMPSTEAD, Appellant. [785 NYS2d 123]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Nassau County (McCarty, J.), dated May 3, 2004, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

"[B]y engaging in a sport or recreational activity, a participant consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation" (*Morgan v State of New York,* 90 NY2d 471, 484 [1997]). This encompasses risks associated with the construction of the playing surface (see *Maddox v City of New York,* 66 NY2d 270, 277 [1985]; *Peters v City of New York,* 269 AD2d 581 [2000]).

The infant plaintiff assumed the risk of encountering cracks and holes in the surface of a cement rink while playing roller hockey, including the inherent risk of having his hockey stick get caught in a crack (*see Gamble v Town of Hempstead,* 281 AD2d 391 [2001]; *Peters v City of New York, supra; Cevetillo v Town of Mount Pleasant,* 262 AD2d 517 [1999]; *Sheridan v City of New York,* 261 AD2d 528, 529 [1999]; *Alvarez v Incorporated Vil. of Hempstead,* 223 AD2d 663 [1996]). Moreover, the infant plaintiff testified that he was aware of the defects, having played on that rink many times before, and having tripped on one of the cracks on a previous occasion. Under these circumstances, the infant plaintiff's decision to continue playing on the allegedly defective rink constituted an assumption of the risk, mandating the grant of summary judgment to the Town of North Hempstead (*see Stanger v M & T Pretzel,* 5 AD3d 471 [2004]; *Meli v Star Power Natl. Talent Co.,* 283 AD2d 617, 618 [2001]; *Gillett v County of Westchester,* 274 AD2d 547, 548 [2000]; *Hernandez v City of New York,* 267 AD2d 280 [1999]; *Lo Piccolo v Town of Oyster Bay, Dept. of Parks,* 260 AD2d 606 [1999]; *Matter of Moore v State of New York,* 245 AD2d 456, 457 [1997]; *Capello v Village of Suffern,* 232 AD2d 599 [1996]).

There is no merit to the argument that the infant plaintiff's age raised an issue of fact as to whether he was able to appreciate the risks of playing roller hockey on a defective and dangerous skating surface. The infant plaintiff's testimony at a hearing pursuant to General Municipal Law § 50-h indicated that he was an experienced rollerblader and street hockey player who was very familiar with the rink conditions at issue. Under these circumstances, it could not be said that the infant plaintiff failed to appreciate the risk presented by the cracked surface of the rink (*see Goldberg v Town of Hempstead,* 289 AD2d 198 [2001]; *Lamphier v Rome City School Dist.,* 284 AD2d 989, 990 [2001]; *Peters v City of New York, supra; Hernandez v City of New York, supra; Matter of Moore v State of New York, supra*). Smith, J.P., Crane, Mastro and Skelos, JJ., concur.