■ Brianna Marshall et al., Appellants, v City of New Rochelle et al., Respondents. [790 NYS2d 504]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal (1) from an order of the Supreme Court, Westchester County (Murphy, J.), entered September 18, 2003, which granted the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against them and (2), as limited by their brief, from so much of an order of the same court entered January 27, 2004, as denied that branch of their motion which was for leave to renew the defendants' motions for summary judgment.

Ordered that the order entered September 18, 2003, is affirmed; and it is further,

Ordered that the order entered January 27, 2004, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The plaintiffs commenced this action to recover damages for personal injuries, after the infant plaintiff Brianna Marshall allegedly slipped and fell on a wet surface while participating in a tennis program organized by the defendants City of New Rochelle and New York Junior Tennis League. At the time, she was playing on outdoor tennis courts owned by the City. It had rained the night before and Brianna observed some wetness in the area prior to her fall. The Supreme Court, inter alia, granted the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against them. We affirm.

In support of their motions, the defendants demonstrated a prima facie entitlement to judgment as a matter of law by proffering evidence that the area was as safe as it appeared to be and that the infant plaintiff assumed the risk of her injury (*see Morgan v State of New York,* 90 NY2d 471 [1997]; *Vecchione v Middle Country Cent. School Dist.,* 300 AD2d 471 [2002]; *Levinson v Incorporated Vil. of Bayville,* 250 AD2d 819 [1998]). In opposition, the plaintiffs failed to raise a triable issue of fact (*see Morgan v State of New York, supra*; *Benitez v New York City Bd. of Educ.,* 73 NY2d 650 [1989]).

The plaintiffs' remaining contention is without merit. Prudenti, P.J., Cozier, Ritter and Spolzino, JJ., concur.