■ VITO MONDELLI, Respondent, v COUNTY OF NASSAU et al., Appellants. [854 NYS2d 224]—

"[B]y engaging in a sport or recreational activity, a participant consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation" (*Morgan v State of New York,* 90 NY2d 471, 484 [1997]). "It is not necessary to the application of assumption of risk that the injured plaintiff have foreseen the exact manner in which his or her injury occurred, so long as he or she is aware of the potential for injury of the mechanism from which the injury results" (*Maddox v City of New York,* 66 NY2d 270, 278 [1985]). The doctrine of assumption of risk "encompasses risks associated with the construction of the playing surface" (*Morlock v Town of N. Hempstead,* 12 AD3d 652, 652 [2004] [citations omitted]).

Here, the plaintiff sustained injuries when he fell while attempting to catch a fly ball at the border of the dirt infield and grass outfield of a baseball field in Eisenhower Park, Nassau County. The defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiff was aware of a "lip" of dirt that accumulated at the infield/outfield border and that he assumed the risk of injury when he chose to play on the field (*see Morlock v Town of N. Hempstead,* 12 AD3d 652 [2004]; *see also Casey v Garden City Park-New Hyde Park School Dist.,* 40 AD3d 901 [2007]; *Steward v Town of Clarkstown,* 224 AD2d 405, 406 [1996]; *cf. Ellis v City of New York,* 281 AD2d 177 [2001]; *Schmerz v Salon,* 26 AD2d 691 [1966], *affd* 19 NY2d 846 [1967]).

In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff testified at a deposition that he believed that the defendants had dug up the grass on the infield/outfield border and replaced it in loose, sod-like pieces. This speculative testimony, along with the affidavits of his teammates, were insufficient to raise a triable issue of fact in opposition to the defendants' motion for summary judgment (*see generally Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]). Rivera, J.P., Skelos, Santucci and Leventhal, JJ., concur.