In the Matter of the Estate of ROZALIA GINZBURG, Deceased. ROBERT GINZBURG, Respondent; ARKADY FREKHTMAN, Appellant, et al., Respondents. [932 NYS2d 534]—

In 2003 Abram Ginzburg (hereinafter Abram), the husband of the decedent, Rozalia Ginzburg (hereinafter Rozalia), and Rozalia commenced an action, inter alia, to recover damages for medical malpractice (hereinafter the medical malpractice ac-

tion) against the nursing home in which Abram resided, as well as against the doctor who treated him. Attorney Arkady Frekhtman (hereinafter the appellant), of Frekhtman & Associates, represented Abram and Rozalia in the medical malpractice action.

On October 10, 2003, Abram died intestate before the medical malpractice action was resolved. The petition for letters of administration of Abram's estate, submitted by Abram and Rozalia's son, Dimitriy Ginzburg (hereinafter Dimitriy), to the Surrogate's Court on October 16, 2003, stated that only Rozalia and Dimitriy were Abram's surviving kin.

Rozalia and Dimitriy, in his capacity as administrator of Abram's estate, agreed to accept the sum of $325,000 in settlement of the medical malpractice action. Rozalia died intestate on August 2, 2006, prior to the disbursement of the settlement proceeds. On September 13, 2006, Dimitriy petitioned for the issuance of letters of administration of Rozalia's estate.

In a decree dated April 30, 2007, the Surrogate's Court authorized Dimitriy to accept the settlement offer. It directed that $100,401.31 of the settlement proceeds be allocated to the payment of attorney's fees and disbursements incurred in the prosecution of the medical malpractice action, $62,299.35 to Dimitriy for his distributive share, and $162,299.34 to Rozalia's estate as its distributive share.

On August 24, 2007, the insurance carrier for the nursing home that was named as a defendant in the medical malpractice action issued a settlement check, in the face amount of $225,000, payable to both Dimitriy, as administrator of the estates of both Abram and Rozalia, and Frekhtman & Associates. The appellant deposited these settlement proceeds in his escrow account and, on September 26, 2007, issued a check payable to Dimitriy, in his individual capacity, rather than in his representative capacity, in the face amount of $5,000. On October 9, 2007, the insurance carrier for the doctor who was named as a defendant in the medical malpractice action issued its settlement check, in the amount of $100,000, payable to Dimitriy, as administrator of the estates of both Abram and Rozalia, and Frekhtman & Associates. The appellant deposited these settlement proceeds in his escrow account and, on November 7, 2007, issued another check payable to Dimitriy, in his individual capacity, rather than in his representative capacity, in the face amount of $205,626.

On October 16, 2007, letters of administration were ultimately issued to Dimitriy in connection with Rozalia's estate, based on Dimitriy's September 2006 petition in which he identified himself as her only surviving kin.

On November 10, 2008, the petitioner, Robert Ginzburg, another son of Abram and Rozalia, filed an order to show cause seeking to revoke the letters of administration issued to Dimitriy in connection with Rozalia's estate. The petitioner and Dimitriy stipulated to the revocation of those letters and to the issuance, to the petitioner, of letters of administration de bonis non referable to Rozalia's estate.

Thereafter, the petitioner, as administrator de bonis non of Rozalia's estate, filed a petition, dated January 11, 2009, seeking to compel the appellant, Dimitriy, and the respondent Inessa Ginzburg (hereinafter Inessa), Dimitriy's wife, to turn over that portion of the settlement proceeds which were identified by the Surrogate as the distributive share of Rozalia's estate in its decree dated April 30, 2007, to the petitioner in his capacity as administrator de bonis non.

After answering the petition, the appellant moved for summary judgment dismissing the petition insofar as asserted against him. The petitioner cross-moved for summary judgment on the petition insofar as asserted against the appellant, and to compel him to pay the sum of $162,299.34, plus interest from November 7, 2007.

The Surrogate's Court denied the appellant's motion, granted the petitioner's cross motion, and directed the appellant to pay the petitioner, in his capacity as administrator de bonis non of Rozalia's estate, the sum of $162,299.34, plus interest from November 7, 2007, to the date of payment. We affirm.

The Surrogate's Court properly concluded that the appellant failed to meet his burden of establishing his entitlement to judgment as a matter of law (see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). The appellant conceded, and the evidence he presented established, that he failed to abide by the express terms of the decree dated April 30, 2007, which directed him to disburse the sum of $162,299.34 to the estate of Rozalia as its distributive share.

Moreover, contrary to the appellant's contentions, the petition, which asserted a claim on behalf of Rozalia's estate, was not time-barred by SCPA 1802 (see Turano, Practice Commentaries, McKinney's Cons Laws of NY, Book 58A, SCPA 1802). Pursuant to SCPA 1802, a fiduciary, acting in good faith, is not chargeable for claims to the assets of an estate made after seven months from the date of the issuance of the letters of administration. Here, the petition sought to enforce a claim on behalf of the estate and, therefore, the seven-month deadline did not apply (see SCPA 1802). In addition, the appellant held the settlement proceeds for Rozalia's estate as an attorney-escrow agent, and not as an administrator of the estate (see SCPA 1802).

Since the appellant did not establish his prima facie entitlement to judgment as a matter of law, it is unnecessary to consider the sufficiency of the petitioner's opposing papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

With respect to the petitioner's cross motion for summary judgment on the petition insofar as asserted against the appellant, the petitioner met his burden of establishing his entitlement to judgment as a matter of law as against the appellant. "An escrow agent . . . becomes a trustee of anyone with a beneficial interest in the trust with the duty not to deliver the escrow to anyone except upon strict compliance with the conditions imposed. Thus, an escrow agent can be held liable for . . . breach of fiduciary duty as escrowee" (*Takayama v Schaefer*, 240 AD2d 21, 25 [1998] [internal quotation marks and citations omitted]; *see Cash v Titan Fin. Servs., Inc.*, 58 AD3d 785 [2009]). Here, the evidence established that the appellant held the settlement proceeds on behalf of Rozalia's estate in his escrow account and delivered the proceeds to Dimitriy in Dimitriy's individual capacity, rather than in Dimitriy's capacity as a representative of Rozalia's estate, in violation of the decree dated April 30, 2007. The appellant breached his fiduciary duty to Rozalia's estate by failing to abide by the terms of that decree (*see e.g. Leon v Martinez*, 84 NY2d 83 [1994]).

In opposition, the appellant failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d at 562). Contrary to the appellant's contention, his failure to abide by the decree dated April 30, 2007, caused damage to Rozalia's estate since the disputed funds were never delivered to the estate, regardless of the fact that they were delivered to Dimitriy in his individual capacity and notwithstanding the fact that Dimitriy was then the administrator of the decedent's estate.

Accordingly, the Surrogate's Court properly denied the appellant's motion for summary judgment dismissing the petition insofar as asserted against him, and granted the petitioner's cross motion for summary judgment on the petition insofar as asserted against the appellant.

The appellant's remaining contention is without merit. Angiolillo, J.P., Leventhal, Austin and Roman, JJ., concur.