■ SARA NIGRO, Appellant, v NEW YORK RACING ASSOCIATION, INC., Respondent. [939 NYS2d 565]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Parga, J.), entered November 19, 2010, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On February 9, 2006, the plaintiff was employed as an exercise rider and groom at Belmont Racetrack, which is owned and operated by the defendant, New York Racing Association, Inc. At about 6:00 A.M., the plaintiff was instructed to exercise a horse by riding it at a walking pace along a dirt horse path. The horse path was intersected in several places by an asphalt road, which was strewn with loose gravel. At the fourth such intersection, the horse slipped while crossing the asphalt road and fell, landing on top of the plaintiff. According to the plaintiff, the presence of gravel on the road was a condition she frequently encountered prior to her accident, and she always exercised caution and tried to keep her horse calm when gravel was present. The plaintiff subsequently commenced this action seeking to recover damages for the injuries she had sustained in the accident. After depositions had been conducted, the defendant moved for summary judgment dismissing the complaint based on the doctrine of primary assumption of the risk, and the Supreme Court granted its motion. The plaintiff appeals, and we affirm.

The doctrine of primary assumption of risk provides that a voluntary participant in a sporting or recreational activity "consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation" (*Morgan v State of New York*, 90 NY2d 471, 484 [1997]; *see Cotty v Town of Southampton*, 64 AD3d 251, 253 [2009]; *Joseph v New York Racing Assn.*, 28 AD3d 105, 108 [2006]). This includes risks associated with the condition of the surface on which the activity is performed, and any open and obvious condition thereon (*see Sykes v County of Erie*, 94 NY2d 912, 913 [2000]; *Joseph v New York Racing Assn.*, 28 AD3d at 108; *Morlock v Town of N. Hempstead*, 12 AD3d 652 [2004]). If the risks are known by or perfectly obvious to the participant, he or she is deemed to have consented to them and the property owner has discharged its duty of care by making the conditions as safe as they appear to be (*see Turcotte v Fell*, 68 NY2d 432, 439 [1986]; *Brown v City of New York*, 69 AD3d 893 [2010]).

Here, the defendant made a prima facie showing of its entitlement to judgment as a matter of law based on the doctrine of primary assumption of risk by submitting evidence that the plaintiff was a highly experienced professional exercise rider who appreciated the risks posed by loose gravel on the asphalt road intersecting the horse path, and was aware of the gravel condition on the road before she began to cross it for a fourth time on the morning of her accident (*see Turcotte v Fell*, 68

NY2d at 442-443; *Palladino v Lindenhurst Union Free School Dist.*, 84 AD3d 1194, 1195 [2011]; *Joseph v New York Racing Assn.*, 28 AD3d at 108-109; *Morlock v Town of N. Hempstead*, 12 AD3d at 653). In opposition, the affidavits of the plaintiff's experts were insufficient to raise a triable issue of fact as to whether the defendant unreasonably increased the risk of riding on its premises by, inter alia, using asphalt as a road paving material (*see Bendig v Bethpage Union Free School Dist.*, 74 AD3d 1263, 1264 [2010]; *Brown v City of New York*, 69 AD3d at 894; *see also Ioffe v Hampshire House Apt. Corp.*, 21 AD3d 930, 931 [2005]; *Capotosto v Roman Catholic Diocese of Rockville Ctr.*, 2 AD3d 384, 386 [2003]). The plaintiff also failed to raise a triable issue of fact as to whether she acted under the compulsion of a superior in riding across the asphalt road (*see Benitez v New York City Bd. of Educ.*, 73 NY2d 650, 658 [1989]; *Ticha v OTB Jeans*, 39 AD3d 310 [2007]; *Modolo v Fleischmann*, 8 AD3d 539 [2004]). Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Balkin, J.P., Eng, Hall and Sgroi, JJ., concur.