**■** HENRY CASTRO, Appellant, v CITY OF NEW YORK et al., Respondents. [944 NYS2d 155]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Miller, J.), dated September 27, 2010, as, upon renewal, adhered to so much of an original determination in an order of the same court dated October 26, 2009, as granted that branch of the defendants' cross motion which was for summary judgment dismissing the complaint.

Ordered that the order dated September 27, 2010, is affirmed insofar as appealed from, with costs.

In 2006, the plaintiff was playing softball on a cement ballfield owned by the City of New York when he allegedly tripped over a raised sewer grate, sustaining personal injuries. The plaintiff commenced this action against the City and the New York City Parks Department (hereinafter together the City), alleging negligence. At his examination before trial, the plaintiff acknowledged that he had played at least 40 softball games on the subject ballfield prior to the date of his accident, he was aware of the presence and condition of the raised sewer grate prior to the date of his accident, and he had always been "leery" of the grate because he believed that it posed a tripping hazard.

In an order dated October 26, 2009, the Supreme Court, inter alia, granted that branch of the City's cross motion which was for summary judgment dismissing the complaint on the ground that the plaintiff had assumed the risk of injury. After the Court of Appeals issued its ruling in *Trupia v Lake George Cent. School Dist.* (14 NY3d 392 [2010]), the plaintiff moved, among other things, for leave to renew his opposition to the City's cross motion on the ground that *Trupia* set forth a change in the law regarding assumption of risk that precluded an award of summary judgment in the City's favor. The Supreme Court granted leave to renew, and, upon renewal, adhered to so much of its original determination as found that the City was entitled to summary judgment.

The principle of primary assumption of risk extends to those risks associated with the construction of a playing field and any open and obvious condition thereon (*see Sykes v County of Erie*, 94 NY2d 912, 913 [2000]; *Palladino v Lindenhurst Union Free School Dist.*, 84 AD3d 1194, 1195 [2011]; *Brown v City of New York*, 69 AD3d 893 [2010]; *Manoly v City of New York*, 29 AD3d

649, 649-650 [2006]). "Where, as here, the risks are known by or perfectly obvious to the player, he or she has consented to them, and the property owner has discharged its duty of care by making the conditions as safe as they appear to be" (*Palladino v Lindenhurst Union Free School Dist.*, 84 AD3d at 1195). Here, the City demonstrated its prima facie entitlement to judgment as a matter of law by establishing that the plaintiff assumed the risk of injury by voluntarily participating in the softball game despite his knowledge that doing so could bring him into contact with the open and obvious raised sewer grate (*id.*; *see Brown v City of New York*, 69 AD3d at 893-894).

In opposition, the plaintiff failed to raise a triable issue of fact. Contrary to the plaintiff's contention, *Trupia*, which involved an infant plaintiff who sustained injuries while allegedly engaged in unsupervised "horseplay" at his school (14 NY3d at 396), does not mandate reversal of the Supreme Court's order. Moreover, the most recent affidavit submitted by the plaintiff contradicts numerous material statements made by him at his examination before trial, and "was clearly designed to raise a feigned factual issue in the hope of avoiding the consequences of his . . . earlier testimony" (*Joseph v New York Racing Assn.*, 28 AD3d 105, 114 [2006]).

Accordingly, upon renewal, the Supreme Court properly adhered to so much of the original determination as granted that branch of the defendants' cross motion which was for summary judgment dismissing the complaint. Angiolillo, J.P., Dickerson, Belen and Hall, JJ., concur.