■ EUGENE O'CONNOR, Respondent, v HEWLETT-WOODMERE UNION FREE SCHOOL DISTRICT, Appellant. [959 NYS2d 750]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Nassau County (Bruno, J.), dated March 23, 2012, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

On May 9, 2007, Keith O'Connor, who was then 15 years of age, was participating in baseball practice at a school owned and operated by the defendant, Hewlett-Woodmere Union Free School District (hereinafter the school district), when he was struck in the face with a baseball that had been hit on the ground with a fungo bat. O'Connor's father commenced this action against the school district on behalf of O'Connor and himself. The complaint alleged that the accident occurred when the ball took an "unpredictable" hop as a result of a difference in elevation at the point where the infield grass and infield dirt met in front of second base. The defendant moved for summary judgment dismissing the complaint on the ground that the action was barred by the doctrine of primary assumption of risk. The Supreme Court denied the motion.

Under the doctrine of primary assumption of risk, a person who voluntarily participates in a sporting activity generally

consents, by his or her participation, to those injury-causing events, conditions, and risks which are inherent in the activity (*see Morgan v State of New York*, 90 NY2d 471, 484 [1997]; *Turcotte v Fell*, 68 NY2d 432, 439 [1986]). Risks inherent in a sporting activity are those which are known, apparent, natural, or reasonably foreseeable consequences of the participation (*see Morgan v State of New York*, 90 NY2d at 484; *Turcotte v Fell*, 68 NY2d at 439). It is not necessary to the application of the doctrine for the injured person to have foreseen the exact manner in which the injury occurred, "so long as he or she is aware of the potential for injury of the mechanism from which the injury results" (*Maddox v City of New York*, 66 NY2d 270, 278 [1985]; *Joseph v New York Racing Assn.*, 28 AD3d 105, 108 [2006] [internal quotation marks omitted]). "If the risks of the activity are fully comprehended or perfectly obvious, [the] plaintiff has consented to them and [the] defendant has performed its duty" (*Turcotte v Fell*, 68 NY2d at 439; *see Brown v City of New York*, 69 AD3d 893, 893 [2010]; *Marshall v City of New Rochelle*, 15 AD3d 456 [2005]; *Restaino v Yonkers Bd. of Educ.*, 13 AD3d 432 [2004]; *Dobert v State of New York*, 8 AD3d 873 [2004]). This includes risks associated with the construction of the playing surface (*see Ziegelmeyer v United States Olympic Comm.*, 7 NY3d 893 [2006]; *Sykes v County of Erie*, 94 NY2d 912 [2000]; *Maddox v City of New York*, 66 NY2d 270 [1985]; *Castro v City of New York*, 94 AD3d 1032 [2012]; *Mondelli v County of Nassau*, 49 AD3d 826 [2008]). However, the doctrine does not serve as a bar to liability if the risk is unassumed, concealed, or unreasonably increased (*see Benitez v New York City Bd. of Educ.*, 73 NY2d 650, 654 [1989]).

In support of its motion, the defendant submitted proof showing that O'Connor was an experienced baseball player who had practiced and played baseball on the subject field numerous times prior to the date of the accident, and that he was aware of the "lip condition" where the infield grass met the infield dirt in front of second base. Accordingly, the defendant demonstrated its prima facie entitlement to judgment as a matter of law by establishing that, under the doctrine of primary assumption of risk, O'Connor assumed the risk of injury by voluntarily participating in baseball practice despite his knowledge of the condition of the field (*see Castro v City of New York*, 94 AD3d at 1032; *Mondelli v County of Nassau*, 49 AD3d 826 [2008]). In opposition to the defendant's showing, the plaintiff failed to raise a triable issue of fact. In particular, the plaintiff did not raise a triable issue of fact as to whether the defendant unreasonably increased the risk of injury above and beyond the usual dangers inherent in the sport at the time of the accident (*see Nigro v*

*New York Racing Assn., Inc.*, 93 AD3d 647 [2012]; *Bendig v Bethpage Union Free School Dist.*, 74 AD3d 1263, 1264 [2010]; *cf. Weinberger v Solomon Schechter Sch. of Westchester*, 102 AD3d 675 [2013]). Moreover, O'Connor's voluntary participation in baseball practice on the date of the accident did not implicate the doctrine of inherent compulsion (*see Benitez v New York City Bd. of Educ.*, 73 NY2d at 658).

Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint.

The defendant's remaining contention has been rendered academic in light of our determination. Skelos, J.P., Balkin, Austin and Sgroi, JJ., concur.