In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (DeStefano, J.), dated July 5, 2012, which granted the motion of the defendant Countrywide Home Loans, Inc., for leave to reargue those branches of its motion which were for summary judgment dismissing the first, second, third, and fourth causes of action, which had been denied in an order *931 of the same court (Warshawsky, J.), dated October 17, 2011, and thereupon vacated its determination in the order dated October 17, 2011, denying those branches of that defendant’s motion and granted those branches of that defendant’s motion, and granted the separate motion of the defendant Victoria S. Kaplan for leave to reargue those branches of her cross motion which were for summary judgment dismissing the eighth, ninth, tenth, and eleventh causes of action and the cross claims asserted against her, which had been denied in the order dated October 17, 2011, and thereupon vacated its determination in the order dated October 17, 2011, denying those branches of that defendant’s cross motion and granted those branches of the defendant’s cross motion.
Ordered that the order dated July 5, 2012, is affirmed, with one bill of costs.
The plaintiff borrowed funds from the defendant Countrywide Home Loans, Inc. (hereinafter Countrywide), secured by mortgages on two investment properties located on Grant Street and Fulton Street in Westbury. The plaintiff obtained the loans upon the recommendation of her financial advisor, the defendant Peter Dawson, that she mortgage the properties and use the proceeds for investment purposes. The closings took place at Dawson’s office. The defendant Victoria Kaplan served as the closing attorney for Countrywide and the settlement agent for the transactions. The net proceeds of the loans were disbursed by check to Dawson’s investment company, the defendant BMG Advisory Services, Ltd. (hereinafter BMG). Dawson was subsequently arrested for stealing from clients, and pleaded guilty to grand larceny in the second degree and scheme to defraud in the first degree.
The plaintiff commenced this action alleging, inter alla, that Kaplan fraudulently misrepresented that the loan proceeds would be paid directly to the plaintiff, but instead disbursed them to BMG without the plaintiffs knowledge or consent. The plaintiff also asserted that Kaplan breached a fiduciary duty to her by disbursing the loan proceeds to BMG, and by failing to explain the closing documents or to suspend the closings in light of circumstances which should have alerted Kaplan to Dawson’s fraud. Against Countrywide, the plaintiff asserted causes of action to recover damages for fraud, based upon Kaplan’s alleged misrepresentation, and to recover damages for breach of contract based upon allegations that the proceeds were not paid directly to the plaintiff.
Countrywide moved, and Kaplan cross-moved, inter alla, for summary judgment dismissing the complaint insofar as asserted *932 against each of them. The Supreme Court granted those branches of Countrywide’s motion which were for summary judgment dismissing the fifth, sixth, and seventh causes of action, and denied those branches of Countrywide’s motion which were for summary judgment dismissing the fraud and breach of fiduciary causes of action asserted against it. The Supreme Court also granted that branch of Kaplan’s cross motion which was for summary judgment dismissing the twelfth cause of action, and denied those branches of her cross motion which were for summary judgment dismissing the fraud and breach of contract causes of action asserted against her, as well as the cross claim asserted by Countrywide against her. Thereafter, Countrywide and Kaplan separately moved for leave to reargue those branches of their prior motion and cross motion which had been denied. Prior to submission of these motions, the Justice who issued the original determination retired, and the motions were determined by the newly assigned Justice. The Supreme Court granted leave to reargue and, upon reargument, vacated the prior determinations that were the subject of the requests for reargument, and thereupon granted those branches of the prior motion and cross motion that had been denied.
The Supreme Court providently exercised its discretion in granting Countrywide and Kaplan leave to reargue those branches of their prior motion and cross motion that had been denied (see CPLR 2221 [a]; Matter of American Alternative Ins. Corp. v Pelszynski, 85 AD3d 1157 [2011]; C & N Camera & Elecs. v Public Serv. Mut. Ins. Co., 210 AD2d 132 [1994]).
Upon reargument, the Supreme Court properly vacated the subject determinations and thereupon granted those branches of Countrywide’s prior motion which were for summary judgment dismissing the fraud and breach of contract causes of action asserted against it, and properly granted those branches of Kaplan’s prior cross motion which were for summary judgment dismissing the fraud and breach of fiduciary duty causes of action asserted against her and the cross claims asserted against her by Countrywide. Countrywide and Kaplan established their prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiff authorized the disbursement of the loan proceeds to BMG. Specifically, Coutrywide established that the plaintiff conceded, in her deposition testimony, that she authorized disbursement to BMG of the proceeds of the loan secured by the Grant Street property. Further, the plaintiff acknowledged signing a disbursement form for the loan secured by the Fulton Street property, which authorized disbursement of the proceeds of that loan to BMG. The plaintiff is presumed *933 to know the contents of the disbursement form and is bound by her signature thereon despite her illiteracy in the English language, as she conceded that the contents of the form were not misread or misrepresented to her (see Pimpinello v Swift & Co., 253 NY 159, 163 [1930]; Golden Stone Trading, Inc. v Wayne Electro Sys., Inc., 67 AD3d 731 [2009]; Cash v Titan Fin. Servs., Inc., 58 AD3d 785 [2009]). Further, the plaintiff was accompanied by her adult children, who were fluent in English, and her daughter helped her review documents at the closing.
The absence of any triable issue of fact as to the plaintiffs authorization of the disbursements is fatal to the fraud and breach of contract causes of action asserted against Countrywide and Kaplan. Moreover, while Kaplan, in her capacity as the settlement agent, had a fiduciary duty to the plaintiff to disburse the escrowed funds in accordance with the plaintiffs instruction (see Matter of Ginzburg, 89 AD3d 938, 941 [2011]; Cash v Titan Fin. Servs., Inc., 58 AD3d 785 [2009]), Kaplan, as the attorney for the lender, had no further duty to the plaintiff at the closing (see State of Cal. Pub. Employees’ Retirement Sys. v Shearman & Sterling, 95 NY2d 427, 434 [2000]; Breen v Law Off. of Bruce A. Barket, P.C., 52 AD3d 635 [2008]; Chemical Bank v Bowers, 228 AD2d 407 [1996]). Accordingly, Kaplan’s demonstration that the plaintiffs authorization of the disbursements to BMC was made is fatal to the breach of fiduciary causes of action asserted against Kaplan.
In opposition to these showings, the plaintiff failed to raise any triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). The plaintiffs affidavit denying that she authorized the disbursement of the proceeds of the loans did not raise triable issues of fact, as it merely contradicted her earlier testimony without further explanation, and was, thus, insufficient to defeat summary judgment (see Castro v City of New York, 94 AD3d 1032 [2012]; Joseph v New York Racing Assn., 28 AD3d 105, 114 [2006]).
The plaintiffs remaining contentions are without merit. Eng, EJ., Dillon, Maltese and Duffy, JJ., concur.