# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1217**
**CA 13-02070**
PRESENT: SMITH, J.P., CENTRA, FAHEY, LINDLEY, AND WHALEN, JJ.

---

PEGGY J. SMITH, PLAINTIFF-APPELLANT,

V                                                   MEMORANDUM AND ORDER

CITY OF BUFFALO, DEFENDANT-RESPONDENT.

---

FRANK S. FALZONE, BUFFALO (LOUIS ROSADO OF COUNSEL), FOR PLAINTIFF-APPELLANT.

TIMOTHY A. BALL, CORPORATION COUNSEL, BUFFALO (DAVID M. LEE OF COUNSEL), FOR DEFENDANT-RESPONDENT.

-----------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Erie County (Timothy J. Walker, A.J.), entered January 22, 2013. The order granted the motion of defendant for leave to reargue, and upon reargument, granted the motion of defendant for summary judgment and dismissed the complaint.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this action seeking damages for injuries that plaintiff allegedly sustained when she fell into an uncovered manhole, plaintiff appeals from an order that granted defendant's motion for leave to reargue its prior motion for summary judgment dismissing the complaint and, upon reargument, granted the prior motion. In seeking reargument, defendant again asserted that it did not receive prior written notice of the dangerous condition as required by its local law. Contrary to plaintiff's contention, Supreme Court properly granted the motion for leave to reargue. The court originally denied the prior motion on the ground that issues of fact precluded summary judgment, and upon reargument the court determined that the motion raised issues of law that must be decided by the court, including whether the local law applies to this case. "A motion for leave to reargue . . . shall be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion" (CPLR 2221 [d]). Thus, a motion for leave "to reargue 'may be granted only upon a showing that the court overlooked or misapprehended the facts or the law, or for some reason mistakenly arrived at its earlier decision' " (*Andrea v E.I. Du Pont De Nemours & Co.* [appeal No. 2], 289 AD2d 1039, 1040-1041, *lv denied* 97 NY2d 609). Here, contrary to plaintiff's contention, the court properly granted leave to reargue after concluding that it had misapprehended the law, because the issue whether the prior written notice statute applied was

one of law for the court to decide, rather than one of fact for the jury (*see generally Cayuga Indian Nation of N.Y. v Gould*, 14 NY3d 614, 635, *cert denied* ___ US ___, 131 S Ct 353; *Matter of Held v New York State Workers' Compensation Bd.*, 58 AD3d 971, 972-973).

Entered:  November 21, 2014                      Frances E. Cafarell
                                                 Clerk of the Court