Counsel Fin. Holdings LLC v Sullivan Law, L.L.C. (2024 NY Slip Op 04697)

Counsel Fin. Holdings LLC v Sullivan Law, L.L.C.

2024 NY Slip Op 04697

Decided on September 27, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, OGDEN, NOWAK, AND KEANE, JJ.

664 CA 23-01933

[*1]COUNSEL FINANCIAL HOLDINGS LLC, PLAINTIFF-RESPONDENT,
v
SULLIVAN LAW, L.L.C., ROBERT C. SULLIVAN, BIANCA T. SULLIVAN, JOHN R. BONDON, PARROT PROPERTIES, INC., ROBBA PROPERTIES, L.L.C., AND SOUTH SIDE INVESTMENT COMPANY, DEFENDANTS-APPELLANTS. 

PHILLIPS LYTLE LLP, BUFFALO (SEAN C. MCPHEE OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
WOODS OVIATT GILMAN LLP, BUFFALO (WILLIAM F. SAVINO OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from a corrected order of the Supreme Court, Erie County (Deborah A. Chimes, J.), entered October 9, 2023. The corrected order granted the motion of plaintiff seeking leave to reargue and, upon reargument, inter alia, reinstated a prior order. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Defendants appeal from a corrected order of Supreme Court (Chimes, J.) that, inter alia, granted plaintiff's motion for leave to reargue defendants' motion for leave to renew their opposition to plaintiff's CPLR 3213 motion for summary judgment in lieu of complaint and, upon reargument, reversed a 2023 order of Supreme Court (Walker, A.J. [2023 order]) and reinstated a 2021 order of Supreme Court (Walker, A.J. [2021 order]). The 2021 order had granted the CPLR 3213 motion, and the 2023 order had, inter alia, granted defendants' motion for leave to renew their opposition to the CPLR 3213 motion and, upon renewal, vacated the 2021 order and denied the CPLR 3213 motion. We affirm.
Defendants contend that Justice Chimes (hereinafter reargument motion court) had no authority to grant plaintiff's motion for leave to reargue because Acting Justice Walker had issued the original order. We reject that contention. CPLR 2221 (a) provides that a motion for leave to reargue "shall be made . . . to the judge who signed the order, unless [that judge] is for any reason unable to hear it." Here, at the time plaintiff's motion was heard by the reargument motion court, Acting Justice Walker had retired and was "unable to hear it" (id.). Thus, the reargument motion court properly heard and decided plaintiff's motion (see Mauro v Countrywide Home Loans, Inc., 116 AD3d 930, 932 [2d Dept 2014]).
Defendants further contend that plaintiff engaged in gamesmanship by serving its motion for leave to reargue after Acting Justice Walker notified the parties of the date of his impending retirement, and setting a return date for a date after his retirement, and that the reargument motion court improperly rewarded that tactic. We reject that contention. Although "[i]t is fundamental that a [j]udge may not review or overrule an order of another [j]udge of co-ordinate jurisdiction in the same action or proceeding," it is also well established that "the unavailability of a retired [j]udge may permit a new [j]udge to grant reargument in a proceeding" (Matter of Wright v County of Monroe, 45 AD2d 932, 932-933 [4th Dept 1974]), and here, as noted above, retired Acting Justice Walker was "unable to hear" the reargument motion (CPLR 2221 [a]). Moreover, plaintiff's motion for leave to reargue was timely served following entry of the 2023 [*2]order (cf. Wright, 45 AD2d at 933). We further note that defendants made no effort to move, by order to show cause or otherwise, to have Acting Justice Walker hear the motion during the month remaining before he retired (see Patrick M. Connors, Practice Commentaries, McKinney's Cons Laws of NY, CPLR C2214:11).
We likewise reject defendants' contention that the reargument motion court erred in granting plaintiff's motion for leave to reargue, and upon reargument, reversing the 2023 order, and reinstating the 2021 order. This Court's decision in Counsel Fin. II LLC v Bortnick ([appeal No. 2], 214 AD3d 1388 [4th Dept 2023]) did not change the law with respect to what constitutes an instrument for the payment of money only. Thus, it was error to grant defendants' motion for leave to renew their opposition to plaintiff's CPLR 3213 motion.
When this case previously was before us on appeal, in Counsel Fin. Holdings LLC v Sullivan Law, L.L.C. ([appeal No. 2], 208 AD3d 1028, 1029 [4th Dept 2022], lv dismissed 39 NY3d 1099 [2023] [hereinafter Sullivan I]), this Court rejected defendants' contention that the financial instruments, including a guaranty, were not "for the payment of money only" (CPLR 3213). Seven months later, in Bortnick, this Court concluded that the plaintiff's motion papers in that case demonstrated that "outside evidence beyond 'simple proof of nonpayment or a similar de minimis deviation from the face of the document[s]' [was] needed to determine the amount due" and denied the plaintiff's motion for summary judgment pursuant to CPLR 3213 (Bortnick, 214 AD3d at 1391, quoting Weissman v Sinorm Deli, Inc., 88 NY2d 437, 444 [1996]). We explained that "[t]he reduction of [the] defendant's liability by the amount of two contingency fees effectively represents a separate offset or credit agreement requiring outside proof beyond de minimis extrinsic evidence to establish the amount due" (id.). For that reason, the action in Bortnick was not "based upon an instrument for the payment of money only" (CPLR 3213).
After Bortnick was issued, defendants moved for leave to renew their opposition to the CPLR 3213 motion, contending that, inasmuch as Sullivan I and Bortnick involved the same guaranty, Bortnick constituted a change in the law warranting vacatur of the 2021 order. We agree with the reargument motion court that Bortnick is distinguishable on the facts from Sullivan I and required a different result, even though the same guaranty was present in both cases. The only extrinsic evidence submitted by plaintiff in Sullivan I was a two-page line of credit statement, whereas, as described above, Bortnick involved substantially more extrinsic evidence submitted by the plaintiff, including "a separate offset or credit agreement" (Bortnick, 214 AD3d at 1391). Thus, Bortnick did not constitute a change in the law and we conclude that the 2023 order was properly reversed and the 2021 order properly reinstated (see South Towns Surgical Assoc., P.C. v Steinig, 165 AD3d 1630, 1631 [4th Dept 2018]); Smith v City of Buffalo, 122 AD3d 1419, 1420 [4th Dept 2014]; see generally CPLR 2221 [d] [2]).
We have reviewed defendants' remaining contention and conclude that it is without merit.
Entered: September 27, 2024
Ann Dillon Flynn
Clerk of the Court