■ CARMELA CEVETILLO, Appellant, v TOWN OF MOUNT PLEASANT, Defendant and Third-Party Plaintiff-Respondent, and HANK KIMMEL, Respondent. UNION FREE SCHOOL DISTRICT No. 5, MOUNT PLEASANT, NORTH CASTLE AND GREENBURGH, Third-Party Defendant-Respondent. [692 NYS2d 426] —In an action to recover damages for personal injuries, the plaintiff appeals, (1) as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Cowhey, J.), entered May 8, 1998, as granted the separate motions of the defendant third-party plaintiff Town of Mount Pleasant and the defendant Hank Kimmel for summary judgment dismissing the complaint insofar as asserted against them, and (2) from an interlocutory judgment of the same court, entered May 19, 1998, upon the order, dismissing the complaint insofar as asserted against the defendant Town of Mount Pleasant.

Ordered that the appeal from so much of the order as granted the motion of the defendant Town of Mount Pleasant is dismissed, as that portion of the order was superseded by the interlocutory judgment entered thereon; and it is further,

Ordered that the interlocutory judgment is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The plaintiff was injured during an outdoor tennis lesson given by the defendant Hank Kimmel on behalf of the defendant third-party plaintiff Town of Mount Pleasant (hereinafter

Mount Pleasant) on a tennis court owned by the third-party defendant Union Free School District No. 5, Mount Pleasant, North Castle and Greenburgh. The Supreme Court granted the separate motions for summary judgment dismissing the complaint on the theory that the plaintiff assumed the risk of injury when she voluntarily played on an obviously cracked tennis court.

"As a general rule, participants properly may be held to have consented, by their participation, to those injury-causing events which are known, apparent or reasonably foreseeable consequences of the participation" (*Turcotte v Fell,* 68 NY2d 432, 439). Part of the risk inherent in participating in a sport includes open and obvious defects in the construction of the playing field (*see, Walner v City of New York,* 243 AD2d 629; *Touti v City of New York,* 233 AD2d 496).

The only exception to the rule is that faulty safety features of the playing field, not directly used in playing the game, are "not automatically an inherent risk of [the] sport as a matter of law" for purposes of summary judgment (*Siegel v City of New York,* 90 NY2d 471, 488). This is not the case here. The plaintiff was injured when she tripped on a crack in the tennis court surface. The court surface is the playing field directly used in playing outdoor tennis, and the plaintiff is therefore deemed to have assumed the risk of injury. Moreover, the crack in the court was not an "unassumed, concealed or unreasonably increased" risk (*Warren v Town of Hempstead,* 246 AD2d 536) which created a "dangerous condition over and above the usual dangers inherent in the sport" (*Owen v R.J.S. Safety Equip.,* 79 NY2d 967, 970; *Clark v State of New York,* 245 AD2d 413) so as to excuse the plaintiff from assuming the risk of injury.

Accordingly, the court properly granted the defendants summary judgment. S. Miller, J. P., Joy, H. Miller and Feuerstein, JJ., concur.