■ QUINN WELCH, Respondent, v BOARD OF EDUCATION OF CITY OF NEW YORK, Defendant, and CITY OF NEW YORK, Appellant. [707 NYS2d 506] —In an action to recover damages for personal injuries, the City of New York appeals from a judgment of the Supreme Court, Kings County (Mason, J.), entered April 29, 1999, which, upon the denial of its motion made at the close of evidence for judgment as a matter of law, and upon a jury verdict, is in favor of the plaintiff and against it in the principal sum of $48,000.

Ordered that the judgment is reversed, on the law, the motion for judgment as a matter of law is granted, and the complaint is dismissed.

The plaintiff was injured when he tripped over a cement mound while playing basketball at night on an unlit court. It is well settled that when an individual voluntarily participates in a sport or recreational activity, he or she consents to those commonly appreciated risks that are inherent in and arise out of the nature of the sport generally and flow from participation therein (*see, Morgan v State of New York,* 90 NY2d 471). This includes those risks associated with the construction of the playing surface and any open and obvious condition on it (*see, Sykes v County of Erie,* 94 NY2d 912; *Maddox v City of New York,* 66 NY2d 270). In the instant case, by choosing to play basketball at night on an unlit court, the plaintiff assumed all the risks inherent in the activity, including his inability to detect what would otherwise be an open and obvious condition (*see, Maddox v City of New York, supra; Colucci v Nansen Park,* 226 AD2d 336). Accordingly, the Supreme Court should have granted the motion of the City of New York made at the close of evidence for judgment as a matter of law. Joy, J. P., Florio, H. Miller and Smith, JJ., concur.