■ KEVIN M. STADELMAIER et al., Respondents, v TOWN OF TONAWANDA et al., Appellants. [768 NYS2d 868]—

Appeal from an order of Supreme Court, Erie County (Cosgrove, J.), entered March 31, 2003, which denied defendants' motion for summary judgment dismissing the amended complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted and the amended complaint is dismissed.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Kevin M. Stadelmaier (plaintiff), an avid baseball and softball player, when he slid into second base during a softball game at a park owned and maintained by defendants. According to plaintiffs, the field was raked and groomed to give it a more pleasant appearance but it was too "hard," and plaintiff's lead sliding foot became stuck in the hard surface.

Supreme Court erred in denying defendants' motion for summary judgment dismissing the amended complaint. Defendants met their initial burden by establishing that " 'plaintiff voluntarily participated in the softball game, fully aware of the condition of the field and the inherent risk of injury' " (*Swan v Town of Grand Is.*, 234 AD2d 934, 935 [1996]). That risk of injury included "[s]liding into base[, which] is an integral part of the game of softball" (*Totino v Nassau County Council of Boy Scouts of Am.*, 213 AD2d 710, 711 [1995], *lv denied* 86 NY2d 708 [1995]). Plaintiffs failed to raise an issue of fact whether defendants breached their duty to protect plaintiff, a voluntary participant in an athletic event, from "unassumed, concealed or unreasonably increased risks" (*Benitez v New York City Bd. of Educ.*, 73 NY2d 650, 658 [1989]). The condition of the playing field was open and obvious, and plaintiff had personal knowledge of the "hardness" of the field, having played there for many years. Indeed, plaintiff previously worked for defendants, and his duties included grooming the baseball/softball fields. We therefore reverse the order, grant defendants' motion and dismiss the amended complaint. Present—Pine, J.P., Wisner, Kehoe, Gorski and Lawton, JJ.