◼ KATHLEEN CASEY et al., Respondents, v GARDEN CITY PARK-NEW HYDE PARK SCHOOL DISTRICT, Appellant. [837 NYS2d 186]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (McCarty, J.), dated August 10, 2006, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment dismissing the complaint is granted.

The infant plaintiff Thomas Casey (hereinafter the plaintiff) sustained personal injuries while playing basketball with several friends at a schoolyard owned by the defendant. The plaintiff was in ninth grade at the time of the accident. A hole in the surface of the basketball court caused him to fall. By the plaintiff's estimation, the hole was 1½ feet wide and 2 inches deep. The plaintiff testified that he generally played basketball twice a week at one of several locations including the location where he was injured. The plaintiff further testified that he had been playing basketball at the subject location for approximately 40 minutes before the accident occurred.

A person who voluntarily participates in a sport or recreational activity is deemed to consent to "those commonly ap-

preciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation" (*Morgan v State of New York*, 90 NY2d 471, 484 [1997]; *see Joseph v New York Racing Assn.*, 28 AD3d 105, 108 [2006]). "This includes those risks associated with the construction of the playing surface and any open and obvious condition on it" (*Welch v Board of Educ. of City of N.Y.*, 272 AD2d 469 [2000]; *see Joseph v New York Racing Assn., supra* at 108). In support of its motion for summary judgment, the defendant made a prima facie showing of its entitlement to judgment as a matter of law by demonstrating that the plaintiff voluntarily participated in the basketball game and that the hole in the surface of the court constituted an open and obvious condition (*see Sheridan v City of New York*, 261 AD2d 528 [1999]). In opposition, the plaintiffs failed to raise a triable issue of fact. Schmidt, J.P., Goldstein, Angiolillo and McCarthy, JJ., concur.