■ ROBERT LINCOLN, Respondent, v CANASTOTA CENTRAL SCHOOL DISTRICT, Appellant. [861 NYS2d 488]—

Stein, J. Appeal from an order of the Supreme Court (McDermott, J.), entered October 10, 2007 in Madison County, which denied defendant's motion for summary judgment dismissing the complaint.

In April 2006, plaintiff was shooting baskets outside of defendant's Southside Elementary School when he injured his left knee and collapsed onto the court. As a result of plaintiff's injury, he required surgery and was unable to return to work. Plaintiff commenced this action, alleging that defendant's failure to properly maintain and repair the basketball court created an unsafe condition which caused plaintiff's injury. Defendant moved for summary judgment dismissing the complaint, claiming that it was not negligent and that it was relieved of any liability based upon plaintiff's assumption of the risk. Supreme Court denied the motion, prompting this appeal. We reverse.

A person who voluntarily participates in a sport or recre-

ational activity assumes the "risks which are inherent in and arise out of the nature of the sport generally and flow from such participation" (*Morgan v State of New York*, 90 NY2d 471, 484 [1997]), including "those risks associated with the construction of the playing surface and any open and obvious condition on it" (*Welch v Board of Educ. of City of N.Y.*, 272 AD2d 469, 469 [2000]; *see Casey v Garden City Park-New Hyde Park School Dist.*, 40 AD3d 901, 902 [2007]). Here, based on the testimony at the General Municipal Law § 50-h hearing and photographs of the basketball court, defendant made a prima facie showing of its entitlement to judgment as a matter of law by demonstrating that plaintiff voluntarily participated in shooting baskets on an outdoor basketball court with open and obvious uneven areas and cracks thereon (*see Morgan v State of New York*, 90 NY2d at 484). Thus, the burden shifted to plaintiff to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

In opposition, plaintiff asserts that it was not until he fell to the ground that he noticed that the pavement was uneven and "very wavy." Thus, plaintiff argues that the "wavy" condition of the court—the particular defect that allegedly caused his injury—was not open and obvious. In support of his position, he supplies the affidavit of an expert, who opined that the pavement was so deteriorated that it did not constitute a safe environment for playing basketball. The expert further asserted that a lay person, who would possibly observe that the court was unsightly, would not appreciate the inherent risks associated with a poorly maintained asphalt surface that becomes uneven due to a lack of maintenance, exposure to elements and ground water underneath it.

The Court of Appeals has articulated that "the risks of playing upon an irregular surface are inherent in outdoor basketball activities" (*Sykes v County of Erie*, 94 NY2d 912, 913 [2000]; *see Trevett v City of Little Falls*, 6 NY3d 884, 885 [2006]). Here, the photographs submitted reveal that the basketball court was in a state of significant disrepair, including uneven areas and cracks in the surface that were open and obvious, and it is certainly a matter of common experience that such conditions could lead to injury. In fact, in his complaint, plaintiff alleges that he "was caused to slip and fall due to the uneven nature of the pavement on the basketball court." Thus, " 'defendant has performed its duty' by making the conditions as safe as they appear[ed] to be" and plaintiff has assumed the risk of injury therefrom (*Joseph v New York Racing Assn.*, 28 AD3d 105, 108

[2006], quoting *Turcotte v Fell*, 68 NY2d 432, 439 [1986]; *see Trevett v City of Little Falls*, 6 NY3d at 885; *Sykes v County of Erie*, 94 NY2d at 913; *Paone v County of Suffolk*, 251 AD2d 563, 564 [1998]). Accordingly, Supreme Court should have granted defendant's motion for summary judgment dismissing the complaint (*see Maddox v City of New York*, 66 NY2d 270, 279 [1985]).

Mercure, J.P., Rose, Lahtinen and Kavanagh, JJ., concur. Ordered that the order is reversed, on the law, without costs, motion granted, summary judgment awarded to defendant and complaint dismissed.