■ MITCHELL S. BROOKSTONE et al., Appellants, v STATE OF NEW YORK, Respondent. (Claim No. 109167.) [883 NYS2d 347]—

Malone Jr., J. Appeal from a judgment of the Court of Claims (Schaewe, J.), entered January 11, 2008, upon a decision of the court following a bifurcated trial in favor of defendant on the issue of liability.

Claimant Mitchell S. Brookstone (hereinafter claimant) was injured while playing a "pick-up" game of basketball on an outdoor asphalt court at Gilbert Lake State Park in Otsego County when, after jumping for a ball headed out of bounds, he landed on an uneven edge of the court. Thereafter, claimant and his wife, derivatively, commenced this action alleging, among other things, that defendant was negligent in the construction and maintenance of the basketball court. Following a bifurcated trial, the Court of Claims dismissed the claim, finding that claimant assumed the risks inherent in playing basketball on an outdoor court. Claimants appeal.

A voluntary participant in a sporting or recreational activity consents to the inherent risks arising out of such activity, including "those risks associated with the construction of the playing surface and any open and obvious condition on it" (*Welch v Board of Educ. of City of N.Y.*, 272 AD2d 469, 469 [2000]; *see Lincoln v Canastota Cent. School Dist.*, 53 AD3d 851, 852 [2008]). Notably, the Court of Appeals has determined that an irregular playing surface is an inherent risk of outdoor basketball (*see Sykes v County of Erie*, 94 NY2d 912, 913 [2000]; *Lincoln v Canastota Cent. School Dist.*, 53 AD3d at 852). Here, contrary to claimants' contention, the slightly uneven surface at the edge of the basketball court was an open and obvious risk and did not constitute an unreasonably dangerous condition (*cf. Clark v State of New York*, 245 AD2d 413 [1997]). Accordingly, the Court of Claims properly dismissed the claim.

Cardona, P.J., Lahtinen and Stein, JJ., concur; Mercure, J., not taking part. Ordered that the judgment is affirmed, without costs.