■ SARA N. BENDIG et al., Respondents, v BETHPAGE UNION FREE SCHOOL DISTRICT, Appellant. [904 NYS2d 731]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (LaMarca, J.), dated December 9, 2009, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

On July 1, 2007 the infant plaintiff Sara Bendig (hereinafter Sara), who was then 14 years old, was playing tennis with her father, the plaintiff Arnold Bendig, at a tennis court located on the grounds of Bethpage High School. Sara had played on this court about four times prior to this date. During the course of the game, Sara went to retrieve a ball and, as she went past the end of the net, she caught her thigh on the "fixed net winder handle," allegedly sustaining injuries. According to Sara, this handle or "crank" protruded slightly from the end of the net pole.

The plaintiffs commenced this action against the owner of the property, the Bethpage Union Free School District (hereinafter the District) alleging, inter alia, that the District failed to properly maintain the tennis court nets. The complaint also as-

serted a cause of action on behalf of Arnold Bendig to recover damages for negligent infliction of emotional distress. The District moved for summary judgment dismissing the complaint, arguing, among other things, that Sara assumed the risks inherent in the sport and that, in any event, there was no defective condition. The Supreme Court denied the motion. We reverse.

The doctrine of primary assumption of risk provides that a voluntary participant in a sporting or recreational activity "consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation" (*Morgan v State of New York*, 90 NY2d 471, 484 [1997]). "This includes those risks associated with the construction of the playing surface *and any open and obvious condition on it*" *(Welch v Board of Educ. of City of N.Y.*, 272 AD2d 469 [2000] [emphasis added]; *see Ziegelmeyer v United States Olympic Comm.*, 7 NY3d 893 [2006]; *Sykes v County of Erie*, 94 NY2d 912 [2000]; *Maddox v City of New York*, 66 NY2d 270 [1985]). "If the risks are . . . perfectly obvious to the player, he or she has consented to them and the property owner has discharged its duty of care by making the conditions as safe as they appear to be" (*Brown v City of New York*, 69 AD3d 893, 893 [2010]; *see Turcotte v Fell*, 68 NY2d 432, 439 [1986]; *Morales v Coram Materials Corp.*, 64 AD3d 756 [2009]). Nor is it "necessary to the application of assumption of risk that the injured plaintiff have foreseen the exact manner in which his or her injury occurred, so long as he or she is aware of the potential for injury of the mechanism from which the injury results" (*Maddox v City of New York*, 66 NY2d at 278).

The District demonstrated its prima facie entitlement to judgment as a matter of law by establishing that Sara assumed the risk by voluntarily playing tennis on the subject court despite her awareness that the court had fixed net winder handles with which she could come into contact during the course of her tennis game (*see Mendoza v Village of Greenport*, 52 AD3d 788 [2008]; *Mondelli v County of Nassau*, 49 AD3d 826 [2008]; *Casey v Garden City Park-New Hyde Park School Dist.*, 40 AD3d 901 [2007]; *Marshall v City of New Rochelle*, 15 AD3d 456 [2005]; *Restaino v Yonkers Bd. of Educ.*, 13 AD3d 432 [2004]; *Dobert v State of New York*, 8 AD3d 873 [2004]).

In opposition, the plaintiffs failed to raise a triable issue of fact as to whether the District unreasonably increased the risk of playing tennis on its court. In particular, the affidavit of the plaintiffs' expert failed to identify a violation of any specific safety standard which was applicable to the subject tennis court or otherwise establish that the fixed net winder handles were

defective (*see Brown v City of New York*, 69 AD3d 893 [2010]; *Musante v Oceanside Union Free School Dist.*, 63 AD3d 806 [2009]; *cf. Morgan v State of New York*, 90 NY2d 471 [1997]). Moreover, while the expert opined that the fixed net winder handles were an "outdated design," "the mere fact that a defendant 'could feasibly have provided safer conditions' is beside the point, where . . . the risk is open and obvious" (*Simoneau v State of New York*, 248 AD2d 865, 866-867 [1998], quoting *Verro v New York Racing Assn.*, 142 AD2d 396, 400 [1989] [citations omitted]).

The District also demonstrated its prima facie entitlement to judgment as a matter of law dismissing the cause of action asserted on behalf of Arnold Bendig to recover damages for negligent infliction of emotional distress (*see Maracle v Curcio*, 24 AD3d 1233 [2005]; *Perry v Valley Cottage Animal Hosp.*, 261 AD2d 522 [1999]; *Lancellotti v Howard*, 155 AD2d 588 [1989]; *cf. DiMarco v Supermarkets Gen. Corp.*, 137 AD2d 651 [1988]). In opposition, the plaintiffs failed to raise a triable issue of fact.

Accordingly, the District's motion for summary judgment dismissing the complaint should have been granted (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). In view of this conclusion, it is unnecessary to reach the District's remaining contentions. Mastro, J.P., Santucci, Chambers and Roman, JJ., concur.