■ NOEL S. KREBS, Respondent, v TOWN OF WALLKILL, Appellant. [922 NYS2d 516]—

In an action to recover damages for personal injuries, the de-

fendant appeals from an order of the Supreme Court, Orange County (Ritter, J.), dated March 17, 2010, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

On September 22, 2008, the plaintiff, an avid tennis player, was playing tennis with three other men on a tennis court located in Circleville Town Park, which is owned by the defendant, Town of Wallkill. The plaintiff had played on this particular court many times in the past and knew that this court had a center net with a tear at the bottom. During the course of warming up for a game of doubles, the plaintiff reached over the center net with his racquet to push a ball on the other side of the net to a player on that side. As he moved away from the center net, his left heel caught in the lower band of the center net, which was detached from the netting itself, and he tripped, allegedly injuring his left wrist.

The plaintiff commenced this action against the defendant to recover damages for personal injuries. The defendant moved for summary judgment dismissing the complaint, arguing that the plaintiff assumed the risks inherent in the sport. The Supreme Court denied the motion. We reverse.

The doctrine of primary assumption of risk provides that a voluntary participant in a sporting or recreational activity "consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation" (*Morgan v State of New York*, 90 NY2d 471, 484 [1997]). This includes those risks associated with the construction of the playing surface and any open and obvious condition on it (*see Ziegelmeyer v United States Olympic Comm.*, 7 NY3d 893 [2006]; *Sykes v County of Erie*, 94 NY2d 912 [2000]; *Maddox v City of New York*, 66 NY2d 270 [1985]; *Welch v Board of Educ. of City of N.Y.*, 272 AD2d 469 [2000]). "If the risks are . . . perfectly obvious to the player, he or she has consented to them and the property owner has discharged its duty of care by making the conditions as safe as they appear to be" (*Brown v City of New York*, 69 AD3d 893, 893 [2010]; *see Turcotte v Fell*, 68 NY2d 432 [1986]; *Morales v Coram Materials Corp.*, 64 AD3d 756 [2009]). Nor is it "necessary to the application of assumption of risk that the injured plaintiff have foreseen the exact manner in which his or her injury occurred, so long as he or she is aware of the potential for injury of the mechanism from which the injury results" (*Maddox v City of New York*, 66 NY2d at 278).

The defendant established, prima facie, its entitlement to judgment as a matter of law by establishing that the plaintiff assumed the risk by voluntarily playing tennis on the subject court despite his awareness of the condition of the net (see *Bendig v Bethpage Union Free School Dist.*, 74 AD3d 1263, 1264 [2010]; *Sammut v City of New York*, 37 AD3d 811, 812 [2007]; cf. *Cronson v Town of N. Hempstead*, 245 AD2d 331 [1997]). In opposition, the plaintiff failed to raise a triable issue of fact. The allegedly dangerous condition in this case was not a "faulty safety feature[ ]" (*Cevetillo v Town of Mount Pleasant*, 262 AD2d 517, 518 [1999]; cf. *Siegel v City of New York*, 90 NY2d 471, 488 [1997]). Rather, the center net constituted a feature which was "directly used in playing outdoor tennis" (*Cevetillo v Town of Mount Pleasant*, 262 AD2d at 518; see *Trevett v City of Little Falls*, 6 NY3d 884, 885 [2006]; *Joseph v New York Racing Assn.*, 28 AD3d 105, 111-112 [2006]). Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint. Dillon, J.P., Florio, Chambers and Miller, JJ., concur.