■ ADAM WILCK, an Infant by His Mother and Natural Guardian, GWEN WICK, et al., Respondents, v COUNTRY POINTE AT DIX HILLS HOMEOWNERS ASSOCIATION, INC., et al., Appellants. [975 NYS2d 145]—

In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Nassau County (Brown, J.), entered May 29, 2012, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

On September 20, 2010, the plaintiff Adam Wilck (hereinafter the infant plaintiff), while playing tennis with a friend on a tennis court located in a residential complex owned by the defendant Country Pointe at Dix Hills Homeowners Association, Inc., and managed by the defendant Total Community Management Corp., allegedly was injured upon tripping and falling on a crack in the surface of the court and striking his head on a pole. The infant plaintiff, who was 11 years of age at the time of the incident, testified at his deposition that he had been playing tennis for several years, was aware of the particular crack prior to his accident, and had generally tried to avoid it when he previously played on that same court.

The doctrine of primary assumption of risk provides that a voluntary participant in a sporting or recreational activity "consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation" (*Morgan v State of New York*, 90 NY2d 471, 484 [1997]; *see Zachary G. v Young Israel of Woodmere*, 95 AD3d 946, 946 [2012]; *Bendig v Bethpage Union Free School Dist.*, 74 AD3d 1263, 1264 [2010]). "This includes those risks associated with the construction of the playing surface and any open and obvious condition on it" (*Welch v Board of Educ. of City of N.Y.*, 272 AD2d 469, 469 [2000]; *see Sykes v County of Erie*, 94 NY2d 912, 913 [2000]; *Maddox v City of New York*, 66 NY2d 270, 277-278 [1985]; *Bendig v Bethpage Union Free School Dist.*, 74 AD3d at 1264; *Casey v Garden City Park-New Hyde Park School Dist.*, 40 AD3d 901, 902 [2007]). "If the risks are known by or perfectly obvious to the player, he or she has consented to them and the property owner has discharged its duty of care by making the conditions as safe as they appear to be" (*Brown v City of New York*, 69 AD3d 893, 893 [2010]; *see Turcotte v Fell*, 68 NY2d 432, 439 [1986]; *Morales v Coram Materials Corp.*, 64 AD3d 756, 758 [2009]; *Sammut v City of New York*, 37 AD3d 811, 812 [2007]).

The defendants demonstrated their prima facie entitlement to judgment as a matter of law by establishing that the infant plaintiff assumed the risk of injury by voluntarily participating in a tennis match on the subject court (*see Sammut v City of*

*New York*, 37 AD3d 811 [2007]; *Morlock v Town of N. Hempstead*, 12 AD3d 652 [2004]; *Cevetillo v Town of Mount Pleasant*, 262 AD2d 517 [1999]). In opposition, the plaintiffs failed to raise a triable issue of fact (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]).

The plaintiffs' remaining contentions are without merit.

Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint (*see Casey v Garden City Park-New Hyde Park School Dist.*, 40 AD3d at 902; *Sammut v City of New York*, 37 AD3d at 812; *Morlock v Town of N. Hempstead*, 12 AD3d at 653; *Gamble v Town of Hempstead*, 281 AD2d 391, 391-392 [2001]; *Cevetillo v Town of Mount Pleasant*, 262 AD2d at 518; *see also Palladino v Lindenhurst Union Free School Dist.*, 84 AD3d 1194, 1195 [2011]; *Lincoln v Canastota Cent. School Dist.*, 53 AD3d 851, 853 [2008]). Dillon, J.P., Chambers, Austin and Roman, JJ., concur.