In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Landicino, J.), dated May 6, 2013, which denied their motion for summary judgment dismissing the complaint.
Ordered that the order is reversed, on the law, with costs, and the defendants’ motion for summary judgment dismissing the complaint is granted.
The plaintiff, a then-17-year-old member of her high school varsity softball team, was injured during a game when she slid into home plate and her left foot “got stuck” in mud. The plaintiff testified, both at a hearing pursuant to General Municipal Law § 50-h and when deposed, that it had rained heavily the day before the game and that she had seen the “mud area” prior to the accident.
The defendants moved for summary judgment on the ground that the plaintiff assumed the risk of injury when she voluntarily participated in the game knowing the condition of the field. The Supreme Court denied the motion.
Pursuant to the doctrine of primary assumption of risk, a voluntary participant in a sporting event “consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation” (Morgan v State of New York, 90 NY2d 471, 484 [1997]). “This includes those risks associated with the construction of the playing surface and any open and obvious condition on it” (Welch v Board of Educ. of City of N.Y., 272 AD2d 469, 469 [2000]).
The defendants demonstrated their prima facie entitlement to judgment as a matter of law by establishing that the plaintiff assumed the risk of injury by voluntarily participating in the game fully aware of the condition of the field (see Wilck v Country Pointe at Dix Hills Homeowners Assn., Inc., 111 AD3d 822 [2013]; O’Connor v Hewlett-Woodmere Union Free Sch. Dist., 103 AD3d 862 [2013]; Stadelmaier v Town of Tonawanda, 2 AD3d 1369 [2003]; Swan v Town of Grand Is., 234 AD2d 934 [1996]; Totino v Nassau County Council of Boy Scouts of Am., 213 AD2d 710 [1995]; Giovinazzo v Mohawk Val. Community Coll., 207 AD2d 980 [1994]; Strauss v Town of Oyster Bay, 201 *687 AD2d 553 [1994]). In opposition, the plaintiff failed to raise a triable issue of fact (see Mattas v Town of Hempstead, 106 AD3d 884 [2013]; O’Connor v Hewlett-Woodmere Union Free Sch. Dist., 103 AD3d 862 [2013]; Godwin v Russi, 62 AD3d 945 [2009]).
The plaintiffs remaining contentions are without merit.
Accordingly, the Supreme Court should have granted the defendants’ motion for summary judgment dismissing the complaint.
Skelos, J.E, Balkin, Hall and Maltese, JJ., concur.