■ NOAH SAFON, Respondent-Appellant, v BELLMORE-MERRICK CENTRAL HIGH SCHOOL DISTRICT, Appellant-Respondent. [22 NYS3d 233]—

In an action to recover damages for personal injuries, etc., the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Brown, J.), dated January 9, 2015, as denied its motion for summary judgment dismissing the complaint, and the plaintiff cross-appeals, as limited by his brief, from so much of the same order as denied his motion for summary judgment dismissing the second and third affirmative defenses.

Ordered that the order is reversed insofar as appealed from, on the law, and the defendant's motion for summary judgment dismissing the complaint is granted; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant.

On February 26, 2013, the infant plaintiff (hereinafter the plaintiff), a junior at John F. Kennedy High School in Bellmore, and a member of the varsity lacrosse team, allegedly was injured in an after-school practice session. Specifically, he alleges that as he was running toward the goal, his left foot came into contact with the base of the goal, causing him to twist his ankle and fall face down on the ground. According to the plaintiff, a net should have been attached to the goal, but, at the time he fell, the net was not covering the entire base of the goal. The plaintiff, by his mother, commenced this action against the defendant school district. The defendant moved for summary judgment dismissing the complaint, contending that the plaintiff assumed the risks inherent in the sport. The plaintiff cross-moved for summary judgment dismissing the second and third affirmative defenses, which sounded in comparative negligence and primary assumption of risk. The Supreme Court denied the motion and the cross motion.

The assumption of risk doctrine applies where a consenting participant in sporting and amusement activities "is aware of the risks; has an appreciation of the nature of the risks; and voluntarily assumes the risks" (*Morgan v State of New York*, 90 NY2d 471, 484 [1997]). "An educational institution organizing a team sporting activity must exercise ordinary reasonable care to protect student athletes voluntarily participating in organized athletics from unassumed, concealed, or enhanced risks" (*Bukowski v Clarkson Univ.*, 19 NY3d 353, 356 [2012]; *see Benitez v New York City Bd. of Educ.*, 73 NY2d 650, 658 [1989]; *Weinberger v Solomon Schechter Sch. of Westchester*, 102 AD3d 675, 678 [2013]). "If the risks of the activity are fully comprehended or perfectly obvious, plaintiff has consented to them and defendant has performed its duty" (*Turcotte v Fell*, 68 NY2d 432, 439 [1986]; *see Joseph v New York Racing Assn.*, 28 AD3d 105 [2006]). This includes the construction of the playing surface and any open and obvious condition on it (*see Ziegelmeyer v United States Olympic Comm.*, 7 NY3d 893 [2006]; *Baccari v KCOR, Inc.*, 109 AD3d 856, 857 [2013]; *Mattas v Town of Hempstead*, 106 AD3d 884, 885 [2013]; *Cevetillo v Town of Mount Pleasant*, 262 AD2d 517 [1999]).

The Supreme Court properly denied the plaintiff's cross motion for summary judgment dismissing the second and third affirmative defenses, since he failed to establish, prima facie, that neither the doctrine of comparative negligence nor the doctrine of primary assumption of risk applied to this case (*see* CPLR 1411; *Custodi v Town of Amherst*, 20 NY3d 83 [2012]; *Morgan v State of New York*, 90 NY2d 471 [1997]).

However, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint. The defendant established, prima facie, that the plaintiff assumed the risk by voluntarily participating in lacrosse practice where the condition of the goal was not concealed and clearly visible (*see Krebs v Town of Wallkill*, 84 AD3d 742 [2011]; *Retian v City of New York*, 259 AD2d 684 [1999]). In opposition, the plaintiff failed to raise a triable issue of fact (*see generally Bendig v Bethpage Union Free School Dist.*, 74 AD3d 1263, 1265 [2010]; *Musante v Oceanside Union Free School Dist.*, 63 AD3d 806, 807 [2009]; *Ribaudo v La Salle Inst.*, 45 AD3d 556 [2007]). Dillon, J.P., Austin, Roman and Barros, JJ., concur.