Berrin v Incorporated Vil. of Babylon (2020 NY Slip Op 05177)





Berrin v Incorporated Vil. of Babylon


2020 NY Slip Op 05177


Decided on September 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2017-09572
 (Index No. 61531/13)

[*1]Liam Berrin, etc., et al., appellants, 
v
Incorporated Village of Babylon, respondent.


Dell & Dean, PLLC (Mischel & Horn, P.C., New York, NY [Scott T. Horn and Lauren E. Bryant], of counsel), for appellants.
Kelly, Rode & Kelly, LLP, Mineola, NY (Eric P. Tosca of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), dated August 9, 2017. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.
The infant plaintiff allegedly was injured while playing on a tire swing on a playground in a park owned by the defendant, Incorporated Village of Babylon. The infant plaintiff, who was 11 years old at the time of the accident, was swinging on the tire swing with four other children when the tire struck a railing on the connected playground apparatus, causing his leg to slip out from underneath him. On the return swing of the tire, his leg struck the support post on the opposite side of the tire swing, causing him to sustain injury.
The infant plaintiff, and his father suing derivatively, commenced this personal injury action against the Village. The Village moved for summary judgment dismissing the complaint, arguing, inter alia, that the playground was maintained in a reasonably safe manner, that the Village did not create or have notice of a dangerous condition, and that the infant plaintiff had assumed the risk of colliding with the railing and support post by playing on the tire swing. In an order dated August 9, 2017, the Supreme Court granted the Village's motion, determining that the infant plaintiff had assumed an open and obvious risk on the playground. The plaintiffs appeal.
Under the doctrine of primary assumption of risk, "by engaging in a sport or recreational activity, a participant consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation" (Morgan v State, 90 NY2d 471, 484; see Custodi v Town of Amherst, 20 NY3d 83, 88). "Risks inherent in a sporting activity are those which are known, apparent, natural, or reasonably foreseeable consequences of the participation" (Mamati v City of N.Y. Parks & Recreation, 123 AD3d 671, 672; see Morgan v State, 90 NY2d at 484). "This includes risks associated with the construction of the playing surface and any open and obvious condition on it" (Brown v Roosevelt Union Free Sch. Dist., 130 AD3d 852, 853-854; see Krzenski v Southampton Union Free Sch. Dist., 173 AD3d 725, 725). "If the risks are known by or perfectly obvious to the player, he or she has consented to them and the property owner has discharged its duty of care by making the conditions as safe as they appear to be" (Brown v City of New York, 69 AD3d 893, 893; see Bukowski v Clarkson Univ., 19 [*2]NY3d 353, 356). However, participants are not deemed to have assumed risks that are concealed or unreasonably increased over and above the usual dangers that are inherent in the sport (see Custodi v Town of Amherst, 20 NY3d at 88; M.P. v Mineola Union Free Sch. Dist., 166 AD3d 953, 954). "[T]he doctrine requires not only knowledge of the injury-causing defect but also appreciation of the resultant risk," which is assessed against the background of the skill and experience of the particular plaintiff (Maddox v City of New York, 66 NY2d 270, 278; see M.P. v Mineola Union Free Sch. Dist., 166 AD3d at 955).
Here, the Village failed to demonstrate its entitlement to judgment as a matter of law based on the doctrine of primary assumption of risk. Although the locations of the railing and support post were open and obvious, the submissions of the Village failed to establish, prima facie, that the structure was not negligently designed so as to permit the tire to come into contact with the railing and support post, thereby unreasonably increasing the risks over and above the usual dangers that are inherent in playing on a tire swing (see Simone v Doscas, 142 AD3d 494, 495; cf. Morgan v State, 90 NY2d at 486). In addition, in light of the infant plaintiff's age and limited experience with this tire swing, it cannot presently be determined as a matter of law that he was aware of and fully appreciated the risks involved with the tire being able to come into contact with the railing and support post (see J.R. v City of New York, 170 AD3d 1211, 1213; M.P. v Mineola Union Free Sch. Dist., 166 AD3d at 955).
Further, the Village failed to establish, prima facie, that it neither created the allegedly dangerous condition nor had actual or constructive notice of the condition (see Parietti v Wal-Mart Stores, Inc., 29 NY3d 1136, 1137; Lewis v Metropolitan Transp. Auth., 99 AD2d 246, 249, affd 64 NY2d 670), or that the infant plaintiff's accident was not foreseeable (see J.R. v City of New York, 170 AD3d at 1213).
Accordingly, the Supreme Court should have denied the Village's motion for summary judgment dismissing the complaint, without regard to the sufficiency of the plaintiffs' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
MASTRO, J.P., HINDS-RADIX, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court