Spruck v Pollack (2021 NY Slip Op 00321)





Spruck v Pollack


2021 NY Slip Op 00321


Decided on January 20, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 20, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
CHERYL E. CHAMBERS
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2018-13394
 (Index No. 60571/17)

[*1]Jennifer Spruck, appellant,
v
Jennifer Pollack, et al., respondents.


Vozza & Huguenot (Diamond & Diamond, LLC, Brooklyn, NY [Stuart Diamond], of counsel), for appellant.
White Werbel & Fino, LLP, New York, NY (Matthew I. Toker of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (William J. Giacomo, J.), dated October 16, 2018. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly was injured while participating in a rehearsal of a choreographed dance when she was kicked in the head by another dancer. She commenced this action to recover damages for her injuries against the defendant Academy of Dance Arts, Inc. (hereinafter the Academy), where she took dance lessons, and its director, the defendant Jennifer Pollack. The defendants moved for summary judgment dismissing the complaint, submitting an affidavit of Pollack, in which she averred that the plaintiff, who was 16 years old at the time of the incident, had been involved in dancing at the Academy for three years before the incident, and had participated in five or six dance competitions per year, as well as several dance rehearsals. The defendants also submitted a video of the dance rehearsal in question, which showed the foot of another dancer coming into contact with the plaintiff's head during a high kick. The Supreme Court granted the defendants' motion for summary judgment dismissing the complaint based on the doctrine of primary assumption of risk. We affirm.
The defendants established that the plaintiff, an experienced dancer, comprehended the risk inherent in voluntarily participating in a choreographed dance with other dancers (see M.F. v Jericho Union Free Sch. Dist., 172 AD3d 1056, 1058). In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hospital, 68 NY2d 320, 324). Moreover, the plaintiff's speculation that discovery might uncover some negligence on the part of the defendants did not establish that the motion was premature (see Gillinder v Hemmes, 298 AD2d 493, 494).
MASTRO, A.P.J., CHAMBERS, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court