Chiaramonte v Town of Smithtown (2021 NY Slip Op 01244)





Chiaramonte v Town of Smithtown


2021 NY Slip Op 01244


Decided on March 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2018-06292
 (Index No. 3985/15)

[*1]Tricia Chiaramonte, appellant,
v
Town of Smithtown, et al., respondents.


Joseph C. Tonetti, P.C. (Sweetbaum & Sweetbaum, Lake Success, NY [Marshall D. Sweetbaum], of counsel), for appellant.
Segal McCambridge Singer & Mahoney, Ltd., New York, NY (Carla Varriale of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injures, the plaintiff appeals from an order of the Supreme Court, Suffolk County (William G. Ford, J.), dated March 15, 2018. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
On May 10, 2014, the plaintiff was playing in a charity softball tournament sponsored by the defendants at Flynn Memorial Park in Smithtown when she slipped on a muddy surface of one of the fields thereat as she ran from second to third base, allegedly injuring herself. The plaintiff subsequently commenced the instant action to recover damages for personal injuries against the defendants, alleging that they were negligent in, inter alia, the maintenance of the subject field. After issue was joined and the plaintiff filed the note of issue, the defendants moved for summary judgment dismissing the complaint on the ground, among others, that the plaintiff assumed the risk of her injuries. The Supreme Court granted the motion, and the plaintiff appeals.
Under the doctrine of primary assumption of risk, "[i]f the risks [of a sporting activity] are known by or perfectly obvious to [a voluntary participant], he or she has consented to them and the [defendant] has discharged its duty of care by making the conditions as safe as they appear to be" (Brown v City of New York, 69 AD3d 893, 893; see Morgan v State of New York, 90 NY2d 471, 484). Risks inherent in a sporting activity are those which are known, apparent, natural, or reasonably foreseeable consequences of the participation (see E.B. v Camp Achim, 156 AD3d 865, 866). Participants are not deemed to have assumed the risks of reckless or intentional conduct, or concealed or unreasonably increased risks (see Morgan v State of New York, 90 NY2d at 485).
Here, the evidence submitted in support of the defendants' motion, which included, among other things, the plaintiff's General Municipal Law § 50-h hearing testimony, demonstrated, prima facie, that the doctrine of primary assumption of risk applied to this case and required dismissal of the complaint. The plaintiff admitted at her General Municipal Law § 50-h hearing to observing that the field on which she was injured was "pretty muddy" prior to her accident, and testified at her deposition that she knew that it had rained the day before the accident. The plaintiff, [*2]a seasoned softball player and coach, further testified at her deposition that she had played softball previously in the rain and was fully aware that she could be injured at any time playing softball. The evidence submitted in support of the motion demonstrated that the plaintiff knew of the muddy conditions on the subject field and voluntarily chose to play anyway, and that she was readily aware of the risks inherent in the game of softball. Thus, she assumed the risk of slipping on mud on this field at the time of the subject accident (see Perez v City of New York, 118 AD3d 686, 686; Wilck v Country Pointe at Dix Hills Homeowners Assn., Inc., 111 AD3d 822; O'Connor v Hewlett-Woodmere Union Free Sch. Dist., 103 AD3d 862; Stadelmaier v Town of Tonawanda, 2 AD3d 1369; Swan v Town of Grand Is., 234 AD2d 934; Totino v Nassau County Council of Boy Scouts of Am., 213 AD2d 710; Giovinazzo v Mohawk Val. Community Coll., 207 AD2d 980; Strauss v Town of Oyster Bay, 201 AD2d 553). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint.
AUSTIN, J.P., HINDS-RADIX, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court