Makabali v Chilelli (2021 NY Slip Op 03581)





Makabali v Chilelli


2021 NY Slip Op 03581


Decided on June 9, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 9, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2019-00643
 (Index No. 6987/16)

[*1]Marco Makabali, appellant, 
v
John Chilelli, et al., respondents.


Bergman, Bergman, Fields & Lamonsoff, LLP, Hicksville, NY (Michael E. Bergman, Julie T. Mark, and Seth Fields of counsel), for appellant.
Baxter Smith & Shapiro, P.C., Hicksville, NY (Arthur J. Smith and Louis B. Dingeldey, Jr., of counsel), for respondent John Chilelli.
Renzulli Law Firm, LLP, White Plains, NY (Howard B. Schilsky and Christopher Renzulli of counsel), for respondent Long Island Practical Shooters, Inc.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Julianne T. Capetola, J.), dated December 10, 2018. The order, insofar as appealed from, granted the motion of the defendant John Chilelli for summary judgment dismissing the complaint insofar as asserted against him, and granted that branch of the motion of the defendant Long Island Practical Shooters, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs.
The plaintiff was accidently shot by the defendant John Chilelli during a high speed competitive target shooting event at the gun range of the defendant Long Island Practical Shooters, Inc. The plaintiff commenced this action against the defendants to recover damages for the personal injuries he sustained, and he appeals from an order granting Chilelli's motion for summary judgment dismissing the complaint insofar as asserted against him, and granting that branch of the motion of Long Island Practical Shooters, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it, based on the doctrine of primary assumption of the risk. We affirm.
"Under the doctrine of primary assumption of risk, a person who voluntarily participates in a sporting activity generally consents, by his or her participation, to those injury-causing events, conditions, and risks which are inherent in the activity (see Morgan v State of New York, 90 NY2d 471, 484; Turcotte v Fell, 68 NY2d 432, 439). Risks inherent in a sporting activity are those which are known, apparent, natural, or reasonably foreseeable consequences of the participation (see Morgan v State of New York, 90 NY2d at 484; Turcotte v Fell, 68 NY2d at 439). Because determining the existence and scope of a duty of care requires 'an examination of plaintiff's reasonable expectations of the care owed him [or her] by others' (Turcotte v Fell, 68 NY2d at 437), the plaintiff's consent does not merely furnish the defendant with a defense; it eliminates the duty of care that would otherwise exist. Accordingly, when a plaintiff assumes the risk of participating [*2]in a sporting event, 'the defendant is relieved of legal duty to the plaintiff; and being under no duty, he [or she] cannot be charged with negligence' (id. at 438, quoting Prosser and Keeton, Torts § 68, at 480-481 [5th ed.])" (Cotty v Town of Southampton, 64 AD3d 251, 253-254).
"[A]lthough the assumption of risk to be implied from participation in a sport with awareness of the risk is generally a question of fact for a jury . . . dismissal of a complaint as a matter of law is warranted when on the evidentiary materials before the court no fact issue remains for decision by the trier of fact" (Maddox v City of New York, 66 NY2d 270, 279 [citation omitted]).
The defendants made a prima facie showing of their entitlement to judgment as a matter of law based on the doctrine of primary assumption of the risk, by establishing that the plaintiff assumed the risk of being shot by an accidently discharged firearm during a high speed target shooting competition, which was a risk inherent to that sport (see Bukowski v Clarkson Univ., 19 NY3d 353, 356). Moreover, the record established that the plaintiff, who had extensive firearms experience and had participated in many shooting competitions both as a competitor and as a range officer, was aware of the potential for injury as a result of being accidently shot during the competition (see Berrin v Incorporated Vil. of Babylon, 186 AD3d 1598, 1600).
In opposition, the plaintiff failed to raise a triable issue of fact (see Koubek v Denis, 21 AD3d 453).
CHAMBERS, J.P., MILLER, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court