Lungen v Harbors Haverstraw Homeowners Assn., Inc. (2022 NY Slip Op 03717)

Lungen v Harbors Haverstraw Homeowners Assn., Inc.

2022 NY Slip Op 03717

Decided on June 8, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 8, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
CHERYL E. CHAMBERS
DEBORAH A. DOWLING, JJ.

2020-00545
2020-03093
 (Index No. 31175/18)

[*1]Michael Lungen, appellant, 
v
Harbors Haverstraw Homeowners Association, Inc., et al., respondents, et al., defendant.

Neimark & Neimark LLP, New City, NY (Ira H. Lapp of counsel), for appellant.
Barry McTiernan & Moore LLC, White Plains, NY (Laurel A. Wedinger and David Schultz of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Rockland County (Thomas P. Zugibe, J.), dated January 14, 2020, and (2) an order of the same court dated March 9, 2020. The order dated January 14, 2020, granted the motion of the defendants Harbors Haverstraw Homeowners Association, Inc., and FirstService Residential Midatlantic, LLC, for summary judgment dismissing the complaint insofar as asserted against them. The order dated March 9, 2020, insofar as appealed from, upon reargument, adhered to the original determination in the order dated January 14, 2020, granting those defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the appeal from the order dated January 14, 2020, is dismissed, without costs or disbursements, as that order was superseded by the order dated March 9, 2020, made upon reargument; and it is further,
ORDERED that the order dated March 9, 2020, is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff allegedly was injured while playing basketball when he slipped on condensation that had accumulated on the floor of an indoor gymnasium. The plaintiff thereafter commenced the instant action to recover damages for personal injuries against the defendants Harbors Haverstraw Homeowners Association, Inc., and FirstService Residential Midatlantic, LLC (hereinafter together the defendants), among others, alleging that the accident was caused by the defendants' negligence, inter alia, in maintaining the gymnasium. Following discovery, the defendants moved for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff assumed the risk of his injuries. In an order dated January 14, 2020, the Supreme Court granted the defendants' motion. The plaintiff moved for leave to reargue his opposition to the defendants' motion for summary judgment. In an order dated March 9, 2020, the court, upon reargument, adhered to the original determination in the January 14, 2020 order granting the defendants' motion. The plaintiff appeals.
"Under the doctrine of primary assumption of risk, 'by engaging in a sport or recreational activity, a participant consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation'" (Asprou v Hellenic Orthodox Community of Astoria, 185 AD3d 641, 642, quoting Morgan v State of New York, 90 NY2d 471, 484; see Custodi v Town of Amherst, 20 NY3d 83, 88). "Risks inherent in a sporting activity are those which are known, apparent, natural, or reasonably foreseeable consequences of the participation" (Mamati v City of N.Y. Parks & Recreation, 123 AD3d 671, 672). "The primary assumption of risk doctrine also encompasses risks involving less than optimal conditions" (Bukowski v Clarkson Univ., 19 NY3d 353, 356; see Sykes v County of Erie, 94 NY2d 912, 913).
"'Assumption of risk is not an absolute defense but a measure of the defendant's duty of care'" (Maharaj v City of New York, 200 AD3d 769, 769, quoting Asprou v Hellenic Orthodox Community of Astoria, 185 AD3d at 642). The doctrine "does not exculpate a landowner from liability for ordinary negligence in maintaining a premises" (Sykes v County of Erie, 94 NY2d at 913; see O'Brien v Asphalt Green, Inc., 193 AD3d 1061, 1063). "Participants are not deemed to have assumed risks that are concealed or unreasonably increased over and above the usual dangers that are inherent in the sport" (M.P. v Mineola Union Free Sch. Dist., 166 AD3d 953, 954; see Custodi v Town of Amherst, 20 NY3d at 88). However, "[i]f the risks are known by or perfectly obvious to the player, he or she has consented to them and the property owner has discharged its duty of care by making the conditions as safe as they appear to be" (Brown v City of New York, 69 AD3d 893, 893; see Bukowski v Clarkson Univ., 19 NY3d at 357; Berrin v Incorporated Vil. of Babylon, 186 AD3d 1598, 1599). "It is not necessary to the application of assumption of risk that the injured plaintiff have foreseen the exact manner in which his or her injury occurred, so long as he or she is aware of the potential for injury of the mechanism from which the injury results" (Maddox v City of New York, 66 NY2d 270, 278).
Here, the defendants established, prima facie, that the plaintiff was aware of and had assumed the risk that the floor of the basketball court would be slippery from condensation that had formed due to humid conditions in the gymnasium. The defendants' submissions, including the plaintiff's own deposition testimony, demonstrated that the plaintiff had played basketball in the gymnasium on more than 50 occasions prior to the day of the accident, knew that the gymnasium air was "humid" and had dry-mopped the gymnasium floor while playing basketball in the past when it was "getting wet" from "[c]ondensation," and nevertheless continued playing basketball in the gymnasium on multiple occasions up until the date of the accident despite his awareness of this condition. Under these circumstances, the plaintiff assumed the risk of injury inherent in playing basketball on an indoor court which he knew to become slippery due to humid conditions in the gymnasium (see id. at 278; Levinson v Incorporated Vil. of Bayville, 250 AD2d 819, 820; Capello v Village of Suffern, 232 AD2d 599, 599-600).
In opposition to the defendants' prima facie showing, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320). Accordingly, upon reargument, the Supreme Court properly adhered to the determination in the January 14, 2020 order granting the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.
BARROS, J.P., IANNACCI, CHAMBERS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court