Comunale v Sachem Cent. Sch. Dist. (2024 NY Slip Op 02167)

Comunale v Sachem Cent. Sch. Dist.

2024 NY Slip Op 02167

Decided on April 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
LARA J. GENOVESI
LOURDES M. VENTURA, JJ.

2021-07275
 (Index No. 606409/19)

[*1]Nicholas Comunale, appellant, 
v
Sachem Central School District, et al., respondents.

Varcadipane & Pinnisi P.C., New York, NY (Dawn M. Pinnisi of counsel), for appellant.
Congdon, Flaherty, O'Callaghan, Fishlinger & Pavlides, Uniondale, NY (Christine Gasser of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (George M. Nolan, J.), entered September 9, 2021. The judgment, upon an order of the same court dated August 12, 2021, granting the defendants' motion for summary judgment dismissing the complaint, is in favor of the defendants and against the plaintiff dismissing the complaint.
ORDERED that the judgment is affirmed, with costs.
The plaintiff allegedly was injured when, while he was a high school senior and a member of his school's varsity baseball team, he was struck by a baseball during a team practice session. The plaintiff thereafter commenced the instant action to recover damages for personal injuries. The plaintiff alleges that the defendants were negligent in, among other things, failing to conduct the practice safely. During discovery, the plaintiff and other witnesses testified, inter alia, that the injury occurred during a drill in which a pitching machine propelled baseballs into the air and the team collectively attempted to catch 21 baseballs in a row. The plaintiff's teammate bumped into the plaintiff while each was attempting to catch the same ball, causing the plaintiff to miss the ball, which struck him in the mouth.
Following discovery, the defendants moved for summary judgment dismissing the complaint on the ground that the plaintiff assumed the risk of his injuries. By order dated August 12, 2021, the Supreme Court granted the defendants' motion. A judgment was entered, upon the order, in favor of the defendants and against the plaintiff dismissing the complaint. The plaintiff appeals from the judgment.
Under the doctrine of primary assumption of risk, a voluntary participant in a sporting or recreational activity "consents to those commonly appreciated risks which are inherent in and arise out of the nature of the [activity] generally and flow from such participation" (Morgan v State of New York, 90 NY2d 471, 484; see Leslie v Splish Splash at Adventureland, 1 AD3d 320, 321). Risks inherent in a sporting activity are those which are known, apparent, natural, or reasonably foreseeable consequences of the participation (see Morgan v State of New York, 90 NY2d at 484; Turcotte v Fell, 68 NY2d 432, 439; Makabali v Chilelli, 195 AD3d 704, 705). "Awareness of the risk is 'to be assessed against the background of the skill and experience of the particular plaintiff'" (Philius v City of New York, 161 AD3d 787, 788, quoting Morgan v State of New York, 90 NY2d at 486).
Here, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint by submitting evidence that the plaintiff, an experienced varsity-level baseball player who had been playing baseball since the age of five and previously had participated in the practice drill at issue, was fully aware of and appreciated the risks inherent in the injury-causing activity and had voluntarily assumed those risks (see Lungen v Harbors Haverstraw Homeowners Assn., Inc., 206 AD3d 714, 716; Makabali v Chilelli, 195 AD3d at 706; Chiaramonte v Town of Smithtown, 192 AD3d 657, 658; Spruck v Pollack, 190 AD3d 875, 876).
In opposition to the defendants' prima facie showing, the plaintiff failed to raise a triable issue of fact (see Lungen v Harbors Haverstraw Homeowners Assn., Inc., 206 AD3d at 716; Makabali v Chilelli, 195 AD3d at 706; Chiaramonte v Town of Smithtown, 192 AD3d at 659; O'Connor v Hewlett-Woodmere Union Free School Dist., 103 AD3d 862, 863-864). The affidavit of the plaintiff's expert, who relied upon industry standards and guidelines which prohibit the use of "punishment drills" in school sports, failed to raise a triable issue of fact as to whether the defendants unreasonably increased the risk of injury inherent in the sport by conducting the subject drill as they did on the date of the accident. The conclusions of the plaintiff's expert that the drill at issue satisfied the relevant criteria of a "punishment drill" was speculative and conclusory, and was not supported either by the industry standards and guidelines that she cited or by the evidence in the record (see Gonch v Baseball Heaven, Inc., 171 AD3d 1140, 1141; Osmond v Hofstra Univ., 161 AD3d 1096, 1097; Musante v Oceanside Union Free School Dist., 63 AD3d 806, 807-808).
Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint.
DILLON, J.P., CHAMBERS, GENOVESI and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court